JEROME M. GOOD *v.* PAINE FURNITURE COMPANY

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 214120

Memorandum filed January 5, 1978

*Tarlow, Levy, Mandell & Kostin,* for the plaintiff.

*Lebovitz, Marcus & Lebovitz,* for the defendant.

PARSKEY, J. The plaintiff, Jerome M. Good, seeks monetary relief from the defendant for breach of a contractual obligation to compensate the plaintiff for the procurement of a lessee (Burger King Corporation) ready, willing and able to occupy realty owned by the defendant at 173 Asylum Street, Hartford. The plaintiff is a real estate broker licensed to perform services under the provisions of General Statutes §§ 20-311 et seq. He has been a realtor for twenty years and is thoroughly familiar with the requirements of General Statutes § 20-325a. By an ex parte order dated September 20, 1977, the court (*O'Sullivan, J.*) permitted the plaintiff to attach realty owned by the defendant at 173–183 Asylum Street. The defendant's motion to dissolve the attachment is presently before the court.

A court is obligated to dissolve a prejudgment remedy such as an attachment upon realty if there is no probable cause to sustain the validity of the plaintiff's claim. General Statutes § 52-278e. The defendant argues that such probable cause is lacking in the present matter since a single written instrument evidencing a brokerage agreement between the plaintiff and the defendant was never executed, in purported contravention of § 20-325a (b). That section provides that "[n]o person, licensed under the provisions of . . . [§§ 20-311 et seq.], shall commence or bring any action [to recover compensation] in respect of any acts done or services rendered . . . unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given,

(4) contain the conditions of such contract or authorization and (5) be signed by the parties thereto."

Although the plaintiff admits the nonexistence of a written instrument complying in its entirety with the requirements of § 20-325a (b), the plaintiff points to a series of written documents which, he contends, meet the statutory requirements. Specifically, the plaintiff draws the court's attention to, among other things, the following material admitted into evidence at the hearing on the defendant's motion: a letter dated November 26, 1976, containing the names and addresses of the plaintiff and the defendant, the terms and conditions of a brokerage agreement entered into by the plaintiff and the defendant, and the signature of the plaintiff; a verificational letter dated January 14, 1977, signed by the plaintiff; a "store lease" signed by an agent of Burger King Corporation and dated May 20, 1977, which contains a provision acknowledging the plaintiff as the exclusive broker in the procurement of Burger King as a lessee of a portion of the defendant's premises at 173 Asylum Street; a letter dated June 27, 1977, in which the defendant's attorney, acting as its agent, requests Burger King to agree to the modification or deletion of certain terms and provisions included in the lease. No references to the lease provision recognizing the plaintiff as exclusive broker are contained in the letter of June 27.

General Statutes § 20-325a (b) resembles General Statutes § 52-550, the Statute of Frauds. A written memorandum required by the Statute of Frauds need not consist of a single document. *Burns* v. *Garey,* 101 Conn. 323, 329. A memorandum consisting of several signed and unsigned writings will satisfy the Statute of Frauds so long as those writings clearly refer to the same subject matter or

transaction. Parol evidence will be considered if it convincingly shows that the signed and unsigned writings are connected to one another and have been assented to by the parties. See *Crabtree* v. *Elizabeth Arden Sales Corporation*, 305 N.Y. 48.

No reason exists which would preclude the application of a similar analysis to situations arising under § 20-325a (b). Thus, separate documents which not only relate to the same brokerage agreement but which also collectively meet the specific requirements of § 20-325a (b) will be deemed to constitute a valid contract or authorization for purposes of § 20-325a (b). Where necessary, the court will look to parol evidence connecting the separate documents and reflecting the parties' assent to those documents which went unsigned.

The documents submitted by the plaintiff, when viewed either singly or in the aggregate, do not meet the stringent requirements of § 20-325a (b). The letter dated June 27, 1977, although signed by an agent of the defendant, is not related, on its face, to the brokerage agreement between the plaintiff and the defendant. Parol testimony presented at the hearing on the defendant's motion failed to show convincingly that the June 27 document was related in any but a tangential manner to the brokerage agreement. The court therefore finds that the plaintiff has failed to produce a contract or authorization valid under § 20-325a (b).

Alternatively, the plaintiff seeks relief grounded in quantum meruit. Such relief would appear to be precluded, however, by the first sentence of § 20-325a (b). The court also notes that statutes comparable to § 20-325a (b) which have been enacted in other jurisdictions have been strictly construed by the courts. Thus, licensed real estate brokers who have failed to produce evidence of

written brokerage agreements which comply with statutes such as § 20-325a (b) have been precluded from recovering in quantum meruit. *Augustine* v. *Trucco,* 124 Cal. App. 2d 229, 237–38; *Peacock Realty Co.* v. *E. Thomas Crandall Farm, Inc.,* 108 R.I. 593, 596. Such brokers have also been unsuccessful in pressing claims grounded in the doctrines of performance; *Herzog* v. *Blatt,* 80 Cal. App. 2d 340, 343; *Dooley* v. *Lachut,* 103 R.I. 21; and promissory estoppel. *Heyman* v. *Adeack Realty Co.,* 102 R.I. 105, 108. As the Supreme Court of Rhode Island explained (pp. 24–25) in *Dooley* v. *Lachut,* supra, "real estate brokers who have been duly licensed by the state . . . are expected, when they are engaged in their business endeavors, to conform to the various laws which pertain to their occupation. Real estate brokers who enter into oral agreements in contravention of . . . our statute of frauds can expect no assistance from the courts in their effort to extricate themselves from their own folly. If a real estate broker fails to obtain a written contract of employment from his customer, he proceeds at his own peril."

For the foregoing reasons, the court concludes that there is no probable cause to sustain the validity of the plaintiff's claim. Accordingly, the defendant's motion to dissolve the plaintiff's attachment is granted.