DEL GRECO REALTY COMPANY, INC. *v.* GEORGE F. LAMOUREUX ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 414357
HARTFORD-NEW BRITAIN AT NEW BRITAIN

[2] The sum of $20,000 had already been paid.

Memorandum filed October 27, 1983

*Nassau & Borowy,* for the plaintiff.

*William J. Melley III,* for the named defendant et al.

D. DORSEY, J. The plaintiff is a real estate broker suing to recover a commission. Its claim is based on an oral listing agreement it entered into with the defendants for the sale of the defendants' business and real property.

The plaintiff procured a buyer who thereafter entered into a written sales agreement with the defendant sellers. The only writing evidencing the listing contract is a provision in the sales agreement establishing the plaintiff as the exclusive real estate broker. On the basis of this provision, the plaintiff obtained an attachment on realty owned by the named defendant and the defendant Paulette R. Lamoureux and instituted this action for collection of the brokerage fee. The named defendant now moves to strike the complaint because there is no written agreement as required by General Statutes § 20-325a (b).

Section 20-325a (b) requires that any brokerage contract between a seller and a realtor for the sale of real property must be in writing, signed by both parties, and include the names and addresses of each party, the date the contract was entered into, and all of the terms and conditions of the agreement. *William Pitt, Inc.* v.

Taylor, 186 Conn. 82, 83, 438 A.2d 1206 (1982); *Hossan* v. *Hudiakoff,* 178 Conn. 381, 382, 423 A.2d 108 (1979). The statute is to be strictly construed. *Seaman* v. *King Arthur Court, Inc.,* 35 Conn. Sup. 220, 223, 404 A.2d 908 (1979).

The statute requires that the agreement *shall* be made in accordance with the provisions of subsection (b). *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 229, 439 A.2d 947 (1981). "The use of the word 'shall' in the statute connotes that the performance of the statutory requirements is mandatory rather than permissive." *Hossan* v. *Hudiakoff,* supra, 383. In fact, § 20-325a (b) contemplates an existing agreement. The writing must precipitate the service. *Seaman* v. *King Arthur Court, Inc.,* supra, 223.

The courts have strictly adhered to the language of this statute. See *Thornton Real Estate, Inc.* v. *Lobdell,* supra (court found that absence of a signature of one of the parties was fatal to the brokerage contract). The rationale is that "[i]f a real estate broker fails to obtain a written contract of employment from his customer, he proceeds at his own peril." *Good* v. *Paine Furniture Co.,* 35 Conn. Sup. 24, 28, 391 A.2d 741 (1978). The courts cannot, by construction, read into legislation provisions not clearly stated. *Thornton Real Estate, Inc.* v. *Lobdell,* supra, 230.

A broker may establish the existence of a valid listing contract where there are several writings which, taken together, would satisfy the statute. *Jay Realty, Inc.* v. *Ahearn Development Corporation,* 189 Conn. 52, 53, 453 A.2d 771 (1983). In this way § 20-325a (b) resembles the Statute of Frauds (General Statutes § 52-550) in that a written memorandum need not consist of a single document. *Good* v. *Paine Furniture Co.,* supra, 26. The burden of establishing the agreement this way is great, however, and must consist of more

than a reference to the contract in the sales agreement between the seller and the buyer. Id. All of the documents together must clearly and explicitly relate to the same agreement. *Jay Realty, Inc* v. *Ahearn Development Corporation,* supra, 55. In the present case, the plaintiff has only presented a copy of the sales agreement containing the provision naming him as exclusive broker.

The plaintiff argues that notwithstanding the applicability of § 20-325a (b) to the sale of the real estate, it does not affect the sale of the business, which would be considered personalty.

The Second Circuit Court of Appeals has adopted, as have a majority of states, the "New Jersey Rule," which denies a commission to a broker under an oral listing contract even where sale of a business is involved. *Marina Management Co.* v. *Brewer,* 572 F.2d 43 (2d Cir. 1978). The legislature, in enacting § 20-325a (b) made no distinction between straight real estate sales and those integrated with commercial transactions.

The court is obligated to dissolve a prejudgment remedy on realty if there is no probable cause to sustain the validity of the plaintiff's underlying claim. *Good* v. *Paine Furniture Co.,* supra, 25. The plaintiff here has not sustained its burden in that it has violated § 20-325a (b).

The named defendant has also properly moved to strike the plaintiff's complaint for failure to state a cause of action. The motion to strike is used to test the legal sufficiency of a pleading. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). The pleading party cannot merely make conclusions of law without alleging facts which would bring the case within any of the recognized

grounds for that particular cause of action. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 283, 285, 449 A.2d 986 (1982).

The named defendant's motion to strike is accordingly granted and the plaintiff's prejudgment attachment is dissolved.