CHARLOTTE BOLINE *v.* PAUL J. ALBERT ET AL.
(8958)

O'CONNELL, NORCOTT and FOTI, Js.

Argued November 5, 1990—decision released January 1, 1991

*Austin Carey, Jr.,* for the appellant (plaintiff).

*F. Jerome O'Malley,* for the appellees (defendants).

NORCOTT, J. The plaintiff, a real estate broker, appeals from the decision of the trial court granting the defendants'[1] motion for summary judgment. The dispositive issue on appeal is whether the two listing agreements signed by the parties, if considered together, fulfill the requirements of General Statutes § 20-325a (b). We find that the conditions of that statute have not been satisfied and affirm the judgment of the trial court.

The trial court found the following facts. On July 31, 1987, the parties entered into an exclusive listing agreement for the sale of the defendants' property located on the Four Mile River in Old Lyme. The agreement described the property as an "84 slip marina," gave a listed price of $1,200,000 and stipulated that the plaintiff receive a 10 percent commission should she find a buyer ready, willing and able to purchase the marina at the listed price. This initial agreement expired by its own terms on October 1, 1987.

On October 20, 1987, the parties signed a second listing agreement. The trial court found that, at the time of its signing, the second agreement failed to state (1) the legal address of the plaintiff, (2) the legal address of the defendants, (3) the listed price, and (4) various special conditions of listing. Our review of the record reveals that, in fact, only the defendants' address and the conditions of listing were completely omitted from the three page document.[2] This information was later added by Janet Mashia, an agent of the plaintiff. As so modified, the agreement described the listed property as "[l]and for dry dock storage and 1176 square

---

[1] The defendants, Paul J. Albert, Helen S. Albert and Helen C. Stanhope, hold title to the property at issue as trustees under an inter vivos trust agreement settled by Raymond L. Stanhope.

[2] The plaintiff's address, which was omitted from page two of the agreement, was included on pages one and three. Similarly, the listed price was specified on pages one and two, but was omitted from page three.

foot building *that can be utilized for marina related business.*" (Emphasis added.) It gave the defendants' address as "4 Bank Rd., Old Lyme, Ct."

In November, 1987, while the second listing agreement was in effect, the plaintiff produced a potential buyer for the marina. The defendants did not sell the property to this prospective buyer, however, because the buyer requested that the defendants produce permits and licenses for the operation of the marina. The defendants acknowledged that they do not have any such permits or licenses.

The plaintiff instituted the present action for recovery of her commission in July, 1988. The trial court granted the defendants' motion for summary judgment on February 13, 1990, finding that the plaintiff had not produced a buyer ready, willing and able to purchase the property on the terms contained in the second licensing agreement. In an articulation dated April 23, 1990, the court also found that the plaintiff's action was barred by General Statutes § 20-325a (b), which provides that all listing agreements must "(1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner . . . and by the real estate broker or his authorized agent."

It is clear that the parties' second listing agreement, which, at the time of its signing, contained neither the defendants' address nor the special condition that the property be usable for "marina related business," fails to meet the criteria established by General Statutes § 20-325a (b). Connecticut courts have consistently held that, when a listing agreement between a broker and a seller does not fully comply with these statutory

requirements, the broker's action for commission is precluded. See *Jay Realty, Inc.* v. *Ahearn Development Corporation,* 189 Conn. 52, 453 A.2d 771 (1983) (absence of addresses of both parties); *Hossan* v. *Hudiakoff,* 178 Conn. 381, 423 A.2d 108 (1979) (absence of brokers' addresses); *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 552 A.2d 827 (1989) (absence of commission or rate schedule). The plaintiff contends, however, that the two listing agreements signed by the parties, when considered together, include all the information required by General Statutes § 20-325a (b).

"[S]eparate documents will be deemed to constitute a valid contract under § 20-325a (b) if they collectively satisfy the statutory requirements *and relate to the same agreement.* [*Good* v. *Paine Furniture Co.,* 35 Conn. Sup. 24, 27, 391 A.2d 741 (1978)]. It is not within the power of courts to create new and different agreements. *Collins* v. *Sears Roebuck & Co.,* 164 Conn. 369, 375, 321 A.2d 444 (1973)." (Emphasis in original.) *Jay Realty, Inc.* v. *Ahearn Development Corporation,* supra, 55; *Rostenberg-Doern Co.* v. *Weiner,* supra, 305–306.

In the present case, neither listing agreement " 'points unquestionably to the other . . . so as to create a consistent contract.' *Jay Realty, Inc.* v. *Ahearn Development Corporation,* supra, 56." *Rostenberg-Doern Co.* v. *Weiner,* supra, 306. The original listing agreement does not refer to a subsequent agreement. Nor does the second listing agreement "refer unequivocally to the original contract"; id.; so as to incorporate its terms. The plaintiff's subsequent efforts to create a valid contract by filling in the required information " 'cannot legally alter the terms of the contract *after* it was signed by the defendant[s].' " (Emphasis in original.) Id. We therefore conclude that the trial court properly determined that the second listing agreement was

not a valid contract under General Statutes § 20-325a (b) and that, as such, the plaintiff's action is barred.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] In light of our resolution of the plaintiff's first claim, we need not address the plaintiff's remaining claim that the trial court improperly found that she had not secured a buyer ready, willing and able to purchase the property under the terms of the second listing agreement.