## GOLDBLATT ASSOCIATES *v.* LYNN PANZA
### (8981)

O'CONNELL, FOTI and HEIMAN, Js.

Submitted on briefs January 9—decision released March 19, 1991

*Robert L. Sweeney, Jr.,* filed a brief for the appellant (plaintiff).

*Laurence P. Nadel* filed a brief for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment rendered for the defendant in an action, tried to the court, for a real estate commission. The plaintiff claims that the trial court improperly concluded (1) that the plaintiff was not entitled to a real estate commission unless it obtained a sublease prior to the expiration of the listing agreement, and (2) that recovery under quantum meruit is precluded by General Statutes § 20-325a (b). We affirm the judgment of the trial court.

The court found the following facts. In the summer and early fall of 1986, the defendant operated a take-out restaurant and a retail store on opposite sides of Whitney Avenue in New Haven. Charlotte Goldblatt, a licensed real estate broker who is president of the plaintiff company, learned in casual conversation with the defendant that she was considering closing the retail store and wanted to find a sublessee to take over her obligation under a multi-year lease of the premises. Goldblatt brought a client, Sheila Reigelmann, to look at the retail space some months before entering into an open listing agreement with the defendant for the sublease of the premises. This agreement stated that the defendant gave the plaintiff "the right to obtain a sub-lessee for the premises listed above," that the sublease price was to be $1985, that the listing term was to be one month beginning on September 22, 1986, and that the plaintiff would receive a commission of 6 percent of the remaining portion of the gross lease. The agreement also stated that the plaintiff "acknowledges that this is not an exclusive listing and requests that you [Panza] notify us if another sub-lease is negotiated by the owner or any other agent."

During the listing period, Reigelmann looked at the premises and measured it, but did not enter a sublease agreement. The one month listing agreement expired without the plaintiff's obtaining a sublessee. On November 14, 1986, Reigelmann entered into a sublease of the premises. The plaintiff played no role in the negotiation or preparation of the sublease. The defendant had no contact with Reigelmann during the term of the listing agreement, nor did she do anything to induce Reigelmann to delay her decision to sublease the premises. Reigelmann was a bookkeeper who was considering opening a woman's clothing store, and she took an extended period of time looking for a location. Reigel-

mann did not decide to sublease the premises in question until after the term of the listing period had expired.

The court also found that at one time Reigelmann had presented the plaintiff with a check that was payable to the plaintiff but that there was no evidence that this check had any relationship to the terms of the sublease or that it was provided to the plaintiff in connection with any particular anticipated transaction.

The listing agreement prepared by the plaintiff was an open listing for a specific time period that required the plaintiff to obtain a sublessee. The court found that during the one month period the plaintiff had neither obtained a sublessee nor brought the parties to an enforceable agreement nor produced a ready, willing and able customer, and, therefore, in the absence of an extension clause, the plaintiff was not entitled to a commission.

On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous, and, where the legal conclusions of the trial court are challenged, we must determine whether they are legally and logically correct and whether they are supported by the facts set out in the memorandum of decision. *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 304, 552 A.2d 827 (1989).

It is clear "that a broker who has, in accordance with a listing contract, found a [lessee] ready, willing, and able to [lease], on the owner's own terms, is entitled to its commission . . . ." *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 242, 440 A.2d 306 (1982).

Assuming a valid, written listing contract in conformity with the requirements of General Statutes § 20-325a, the broker is entitled to a commission on whatever terms the listing contract stipulates. *William Pitt, Inc.* v. *Taylor,* 186 Conn. 82, 84, 438 A.2d 1206 (1982).

The court's findings that the parties entered into a binding listing agreement, that the plaintiff did not bring a sublessee and the defendant to an enforceable agreement during the listing period, and that the listing agreement contained no extension clause are undisputed. The plaintiff prepared the listing agreement which contained the formal requirements that attached to it. The parties could have agreed to terms in the listing agreement that would have entitled the plaintiff to a commission without first having to obtain a sublease but in this instance they did not. Under the terms of this agreement, the plaintiff must do more than merely find or locate a party that is ready, willing and able to lease on the defendant's terms; it actually had to obtain the sublease. In light of these circumstances, we conclude that the trial court's findings were not clearly erroneous. Because the plaintiff had not met its burden of proving that it had obtained a sublessee in accordance with the terms of the listing contract, the trial court's determination that the plaintiff was not entitled to recover its commission was not erroneous.

There is no merit to the plaintiff's claim that the trial court erroneously held that recovery for a real estate broker was not available under the theory of quantum meruit. "Listing contracts are governed exclusively by § 20-325a"; *William Pitt, Inc.* v. *Taylor,* supra. If the listing agreement should prove faulty, such as its not being in compliance with § 20-325a, the broker is precluded from recovering in quantum meruit; *Good* v. *Paine Furniture Co.,* 35 Conn. Sup. 24, 27–28, 391 A.2d 741 (1978); or from seeking equitable relief; *Currie* v. *Marano,* 13 Conn. App. 527, 532, 537 A.2d 1036, cert. denied, 207 Conn. 809, 541 A.2d 1238 (1988). Although this case does not involve noncompliance with § 20-325a (b), a careful reading shows that by its terms this statute limits recovery to the terms of the contract

between the parties. We conclude that the trial court correctly determined that recovery in quantum meruit is not an available theory of recovery in this case.

The judgment is affirmed.

In this opinion the other judges concurred.