[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion for summary judgment is brought by defendants Susan Senie and Leonard Rosenthal, d/b/a Maple Avenue Associates. The plaintiffs are Real Estate Auctions, Inc. and Mortimer and Mortimer. The action is for recovery of a real estate commission.
Plaintiffs brought their complaint in four counts. The first alleges that an exclusive real estate auction agreement was entered into CT Page 3922 between plaintiff Real Estate Auctions, Inc. and defendant Susan Senie for the sale of property located at 57 Maple Avenue in Greenwich. The property was owned by Susan Senie and Leonard Rosenthal, doing business as Maple Avenue Associates. The defendants agreed to pay a 7% commission if the property was sold with the help of a "cooperating realtor." Plaintiff Mortimer and Mortimer was a "cooperating realtor" who procured the successful bidder. The property was sold at auction for $625,000, resulting in an alleged $43,750 commission which was not paid by the defendants.
Count Two alleges that the defendants failed to make the plaintiffs a party to the escrow agreement utilized by the defendants and the successful bidder/buyer to close title to the property. Plaintiff alleges that this failure violated Paragraph V (D) of the agreement.
Count Three sounds in quantum meruit and Count Four alleges a violation of General Statutes 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants filed an answer and special defenses, claiming that the agreement failed to meet the requirements of General Statutes 20-325a(b), which governs real estate listing agreements.
The defendants move for summary judgment on the ground that there is no genuine issue of material fact remaining in the case. The defendants support their motion with a copy of the alleged agreement containing the address "c/o The Kerschner Companies, 5 Eversley Avenue, Norwalk, CT"; portions of testimony taken at a prejudgment remedy hearing; and affidavits of the defendants Senie and Rosenthal.
The plaintiffs have submitted a copy of the alleged agreement; copies of several similar agreements signed the same day with the defendants and other persons in various combinations, each of which bears the address "c/o Kerschner Companies, 5 Eversley Avenue, Norwalk, CT": copies of building permits and inspection reports; and a copy of the purchase agreement with the successful auction bidder.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Practice Book 384 (1990). A "material fact" is one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48,513 A.2d 98 (1986). "Because the burden is on the movant, the evidence CT Page 3923 must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978). "[I]t remains . . . incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242, 251,571 A.2d 116 (1990).
General Statutes 20-325a(b) sets forth the requirements for a valid real estate listing agreement.
 (b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services are rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract of authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent (emphasis added).
General Statutes 47-5, referenced in subsection (5) above, provides that all conveyance of land shall be in writing, signed by the grantor, acknowledged to be the grantor's free act and deed, and signed in front of two witnesses.
"The right of a real estate broker to recover a commission is dependent upon whether the listing agreement meets the requirements of 20-325a(b)." McCutcheon Barr v. Berman, 218 Conn. 512, 519, ___ A.2d ___ (1991).
"Whether a particular listing complies with 20-325a(b) is a question of law." New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 623, 569 A.2d 1098 (1990). The CT Page 3924 statute is to be strictly construed. DelGreco Realty Co. v. Lamoureux, 39 Conn. Sup. 95, 97, 469 A.2d 1232 (1983). "Connecticut courts have consistently held that, when a listing agreement between a broker and a seller does not fully comply with these statutory requirements, the broker's action for commission is precluded." Boline v. Albert, 23 Conn. App. 688,690-91, 583 A.2d 945 (1991).
One of the requirements of General Statutes 20-325a(b) is that a listing agreement "(2) contain the names and addresses of all the parties thereto." In their motion for summary judgment the defendants claim that the names and addresses of the owners are missing from the alleged listing agreement, which they argue makes that agreement ineffective, and therefore no commission is due the plaintiffs.
There is no dispute that the name and address of the owner on the agreement is:
 Maple Avenue Associates — c/o The Kerschner Companies 5 Eversley Avenue Norwalk, CT 06851
Additionally, there is no dispute that the agreement is signed by defendant Susan A. Senie.
In her affidavit, Susan Senie states that she was a partial owner of the real estate in question and had no written authorization to execute the agreement on behalf of Leonard Rosenthal. She also recites her address as being on Harbor Road in Westport. In his affidavit, Leonard Rosenthal states that he was a partial owner of the real estate in question, states his address in Bridgeport, and states at no time did he deliver a document to Susan Senie which would "meet the standards of General Statutes 47-5," a reference to General Statutes 20-325 (b)(5) that a real estate agreement "be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section47-5. . ."
The plaintiffs argue in opposition to the motion for summary judgment that defendant Senie signed the listing agreement as the agent of the partnership, Maple Avenue Associates, of which she is one of the two partners, the other being Leonard Rosenthal; that thirteen listing agreements were signed concurrently with the listing agreement at issue, that defendant Senie asked plaintiffs to list one address on all the listing agreements for mailing purposes, and that Senie and Rosenthal held out Maple Avenue Associates to be CT Page 3925 the owner of the property, as evidenced by the various building permits and other documents submitted, which list Maple Avenue Associates as the property owner.
The issue here is whether "the addresses of all the parties thereto. . ." appear on the listing agreement. The address of the property is 57 Maple Avenue, Greenwich. By affidavit, Susan Senie lives on Harbor Road, Westport and Leonard Rosenthal lives in Bridgeport. The address on the alleged listing agreement is c/o The Kerschner Companies, 5 Eversley Avenue, Norwalk.
The address on the alleged listing agreement, 5 Eversley Avenue, Norwalk, is not an address of any of the possible owners, Susan Senie, Leonard Rosenthal, or Maple Avenue Associates. Since the absence of an address sufficient to meet the requirements of General Statutes 20-325a(b) does not appear on the listing agreement, it is unenforceable. The requirements of this statute are mandatory and the statute is to be "strictly construed." McCutcheon Barr, supra, 520.
The claim for a recovery under "quantum meruit" is effectively prohibited by Goldblatt Associates v. Panza,24 Conn. App. 250, 253, 587 A.2d 433 (1991) ("[I]f the listing agreement should prove faulty, such as it not being in compliance with 20-325a, the broker is precluded from recovering in quantum meruit . . . or from seeking equitable relief.")
As to the plaintiffs' CUTPA count, the McCutcheon court stated that "[b]ecause the listing agreement did not comply with 20-325a(b), the defendants were legally entitled to refuse to pay a commission and their reliance on the statute cannot translate into a CUTPA violation." Id., 530.
The plaintiffs argue in the alternative in their memorandum in opposition that if the name and address on the listing agreement are inadequate, then the defendants have committed fraud by holding themselves out as a partnership and listing the Eversley Avenue, Norwalk address. The plaintiffs cannot prevail on this argument as they failed to allege fraud and/or misrepresentation in their complaint.
Accordingly, the defendants' motion for summary judgment as to all counts of the complaint is granted. CT Page 3926