[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the two documents at issue, when read together, can satisfy the requirements of Section20-325a of the Connecticut General Statutes and thereby constitute a valid listing agreement entitling the plaintiff to a commission.
The plaintiff filed an amended complaint on August 30, 1991 which alleges the following facts. By documents executed March 1, 1988 and June 6, 1988 (which documents are attached to the complaint), the plaintiff entered into an exclusive listing agreement with Joseph Calabrese ("Calabrese") and Calabrese Development Corp. ("defendant corporation"), both defendants in the present action. According to the agreement, the defendants CT Page 281 would pay a commission to the plaintiff when the plaintiff secured a tenant for the defendants' property. A tenant was secured and a lease executed, earning the plaintiff a commission of $48,307.50 according to the rate as set forth in the agreement. The defendants have paid $19,000 of the commission, but have repeatedly refused to pay the remainder, although Calabrese has confirmed the existence and amount of the commission due and owing on numerous occasions. The first count of the complaint alleges breach of contract whereas the second count of the complaint alleges intentional misrepresentation.
On September 17, 1991 the defendants moved to strike both counts of the complaint. The grounds the motion is based on are specified in the motion itself. The plaintiff objects to the motion and the parties have filed supporting memoranda of law.
A motion to strike admits all well pleaded facts, and such facts are construed most favorably to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491 (1987). If facts provable under the allegations support a cause of action, then the motion to strike must be denied. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "In judging a motion to strike . . . it is of no moment that plaintiff may not be able to prove its allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132
(Super.Ct. 1983).
The defendants argue that neither document read alone satisfies General Statutes Section 20-325a, that the two documents cannot be read together and that even if so read they still do not satisfy the statute. The plaintiff concedes that neither document alone can satisfy the statute, but argues that the document can be read together to create a single agreement and that, when considered in this manner, they do satisfy the statute.
General Statutes Section 20-325a states in relevant part that,
 No person, licensed under the provisions of this chapter, shall commence or bring any action [for recovery of commission] unless such acts or services were rendered pursuant to a contract . . . . To satisfy the requirements of this subsection any such contract . . . shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of CT Page 282 such contract or authorization and (5) be signed by the owner or agent authorized to act on behalf of the owner only by a written document executed in a manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent.
Thus, to be enforceable, a listing agreement "must be in writing and must contain the information enumerated in General Statutes Section 20-325a(b)." Revere Real Estate, Inc. v. Cerato,186 Conn. 74, 77 (1982) (emphasis added).
The statute does not indicate that multiple writings, as opposed to a single written agreement, can satisfy the statute, but Connecticut courts have determined that a number of writings considered together may satisfy the statute where one writing alone is insufficient. Good v. Paine Furniture Co., 35 Conn. Sup. 24
(Super.Ct. 1978). The court there noted that the statute resembles the Statute of Frauds and that multiple writings taken together can satisfy the Statute of Frauds. Id., 26-27. The court stated that "separate documents which not only relate to the same brokerage agreement but which also collectively meet the specific requirements of Section 20-325a(b) will be deemed to constitute a valid contract . . . . Where necessary, the court will look to parol evidence connecting the separate documents . . ." Id., 27.
This doctrine has been affirmed by the appellate court; see Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294 (1989); and the supreme court. See Jay Realty, Inc. v. Ahearn Development Corp.,189 Conn. 52 (1983). The defendants argue that Rostenberg, where the court held that the writings in that case could not be read together, is particularly persuasive here.
In Rostenberg, the broker and the seller entered into a written listing agreement which complied fully with General Statutes Section 20-325a except that the amount of the broker's commission was left blank. Rostenberg, supra, 296. The amount of a broker's commission is an essential condition of a listing agreement. Id., 305. The broker later filled in the amount of the commission and returned a photocopy of the now-completed contract to the seller. Id., 296. When the broker demanded his commission after a lease had been executed, the seller refused to pay, claiming that there was no contract which complied with General Statutes Section 20-325a. Id. The broker argued that the original contract and the photocopy read together satisfied the statute. Id., 304.
Although the court recognized the reasoning of the Good CT Page 283 decision, it stated that it "is not within the power of courts to create new and different agreements." Id., 306, quoting by, supra, 55. The court held that it "would not attribute to the owner a commission price inserted at a later time by the broker, especially under the circumstances of this case, in which the amount of the commission was the disputed issue at trial." Id. Thus, the court concluded that there was no valid contract. Id., 307.
The facts of the instant case are distinguishable from those in Rostenberg, as well as by (where the court also recognized the Good decision but held that, in that case, the writings could not be read together; supra, 55-57. In both cases, the disputed issue was the amount of the commission due to the broker. At this juncture in the present case, there is no dispute as to the precise terms of the alleged contract; the defendants are simply arguing that the contract does not comply with General Statutes Section 20-325a. Furthermore, the procedural posture of this case differs from Jay and Rostenberg. In both of those cases there had been evidentiary hearings or trials, after which the courts ruled that the documents could not be read together. At this time, accepting the plaintiff's allegations as true and construing them in the plaintiff's favor; see Mozzochi, supra, 491, the plaintiff has sufficiently pled that the documents may be read together in order to comply with the statute.
The defendants argue that even if the documents can be read together they do not satisfy General Statutes Section20-325a(b)(5) which states that the agreement must be signed by the "owner or an agent authorized to act on behalf of the owner." The owner is listed as Calabrese on one of the documents and as the defendant corporation on the other document. Both documents are signed by a Donald Porto on the owner's behalf. The defendants argue that Porto is not the owner, nor is he an agent duly authorized to act on the owner's behalf under General Statutes Section 20-325a(b)(5) (which requires a written document executed in accordance with the provisions of General Statutes Section 47-5). Thus, they argue that the documents do not satisfy the statute. The plaintiff argues, as well as alleges in his complaint, that, even if Porto is not the duly authorized agent of the owner, the defendants have ratified the agreement by acknowledging its existence and paying $19,000 of the commission.
"Ratification is defined as `the affirmance by a person by a prior act which did not bind him but which was done or professedly done on his account.' Ratification requires `acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances.'" Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 185 (1986) (emphasis in original), quoting Botticello v. Stefanovicz, 177 Conn. 22, 28
CT Page 284 (1979) (citations omitted).
The plaintiff sufficiently alleges that Porto's act of signing the agreement was professedly done on the defendants' behalf. Furthermore, the plaintiff has alleged that the defendants affirmed Porto's act by paying $19,000 of the commission, and that the defendants have repeatedly confirmed the existence of the agreement and the amount of the commission. Thus, it is not necessary to determine whether Porto was actually the defendants' agent as the plaintiff has sufficiently alleged that even if Porto was not the defendants' duly authorized agent, the defendants have ratified Porto's act. Thus, the motion to strike the first count of the complaint is denied as the plaintiff has sufficiently pled an agreement which complies with General Statutes Section 30-325a.
The defendants also move to strike the second count of the complaint on the ground that a broker cannot bring a misrepresentation claim in these circumstances, and that in any event that plaintiff did not reasonably rely on any representation. They also argue that a broker cannot avoid the strict requirements of General Statutes Section 20-325a by alleging misrepresentation. The plaintiff points out that the defendant has not cited any case law to support this latter proposition and that it has sufficiently pled a misrepresentation claim.
In Connecticut, fraud and misrepresentation are two different names for the same cause of action. See e.g. Maturo v. Gerard,196 Conn. 585, 587 (1985); Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 362 (1987).
 The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury.
Maturo, supra, 587 (citations omitted), quoting Miller v. Appleby,183 Conn. 51, 54-55 (1981).
The plaintiff alleges that the defendants made false representations regarding the ownership of the property, that the defendants knew that such representations were false, that such statements were made to induce the plaintiff to enter into the contract and act as the broker and that the plaintiff did enter CT Page 285 into the contract to its injury as it has earned its commission but has been unable to collect it. The plaintiff has sufficiently pled the elements of a cause of action for misrepresentation.
The defendants claim that the plaintiff did not reasonably rely on the defendants' alleged misrepresentation. However, that this issue is not suitable for determination on a motion to strike; for now the plaintiff has sufficiently alleged such reliance. Therefore, the plaintiff has pled a cause of action for misrepresentation and the motion to strike the second count is denied.
LANGENBACH, J.