[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Joseph Cerino, a licensed real estate broker, brings this action to recover commissions allegedly due and owing from the defendants, James and Beverly Collins. The plaintiff alleges that the parties entered into an exclusive listing agreement and pursuant to that agreement, the plaintiff procured a ready, willing and able buyer for the defendant's property.
On September 18, 1992, the defendants filed a motion to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction. In their supporting memorandum, the defendants argue that the listing agreement contains only one of the defendants' signatures, and does not contain the parties' addresses, and therefore, does not conform to the requirements of General Statutes section 20-325a (b). The defendants attach a copy of the agreement to their memorandum. (The agreement is signed by only one of the defendants and it does not contain the parties' addresses.)
The plaintiff did not file a memorandum in opposition to the defendant's motion. The court denied the motion. The defendants filed a motion for articulation, the subject of this memorandum.
At the time the motion to dismiss was considered, the plaintiff's opposition papers were not in the file. The plaintiff then filed an objection, together with a memorandum of law and documentary evidence. The plaintiff maintains the court must consider all the relevant documents to determine whether they constitute an enforceable real estate brokerage contract. The defendants filed a supplemental memorandum of law in which they argue that even if all the documents are construed together, the plaintiff cannot satisfy the mandates of General Statutes section20-325a (b). The court does not agree with the defendants' position.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book section 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, CT Page 11712490 A.2d 509 (1985). A motion to dismiss improper where there is: (1) lack of jurisdiction over the subject matter, (2) lack of personal jurisdiction, (3) insufficiency of service of process. Practice Book section 143. Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong."' (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). A court "lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989).
"An action to enforce a listing agreement is essentially a breach of contract claim, and the trial court clearly has subject matter jurisdiction over such a claim." McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527, 590 A.2d 438 (1991) One procedural mechanism for addressing whether the provision of General Statutes section 20-325a(b) is satisfied would be a motion to strike pursuant to Practice Book section 152, rather than a motion to dismiss. Id., 526. See also Kovacs v. Kasper, 41 Conn. Sup. 225, 563 A.2d 18 (1989).
In some cases, for instance, separate documents which relate to the brokerage agreement may collectively constitute a valid contract under section 20-325a(b). See Good v. Paine Furniture, 35 Conn. Sup. 24,391 A.2d 741 (1978). Thus, a motion to dismiss would be procedurally incorrect because it forecloses the plaintiff's ability to amend his pleading and cure any deficiencies therein. McCutcheon Burr, Inc. v. Berman, supra, 528.
On the other hand, a motion for summary judgment might be preferable to a motion to strike, as the plaintiff's complaint appears to be legally sufficient. Were the defendants to attempt to introduce a copy of the contract in support of a motion to strike, it might constitute an improper "speaking motion to strike." See e.g. Connecticut State Oil Co., v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Superior Court. 1979). Whereas, were the defendants to file a motion for summary judgment, they could introduce their copy of the contract as evidence. Then, the plaintiff would have an opportunity to introduce evidence, and if there were no genuine issues of material fact, the court could rule on whether the contract complies with the provisions of General Statutes section 20-325a(b) and enter judgment accordingly.
Since the court has subject matter jurisdiction over the action, the defendant's motion to dismiss is denied.
LEHENY, J. CT Page 11713