[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#107)
The plaintiff, Lisa J. Lippia, is a real estate agent licensed in the State of Connecticut. The defendant, Leon C. Lech, d/b/a L C Realty, is a real estate broker licensed in the State of Connecticut. The plaintiff alleges that at all relevant times she was employed as an agent by the defendant. The plaintiff alleges that the defendant agreed to turn over any and all commissions procured by the plaintiff as an agent for L C CT Page 11268 Realty pursuant to a written letter of agreement dated June 4, 1991.
The plaintiff alleges that the defendant, doing business as L C Realty, entered into a written leasing commission schedule with Wethersfield Trust, as owners of the Buckingham Village Shopping Center ("Buckingham Village") in Glastonbury, Connecticut to lease the property at Buckingham Village.
The plaintiff alleges that she procured a tenant, Highland Park Market ("Highland"), for Buckingham Village. Highland executed a lease with Wethersfield Trust on August 8, 1991. Paragraph 15.07 of the lease, entered as exhibit C at the hearing before this court, warrants that Highland has dealt with no broker other than L C Real Estate. The plaintiff alleges that as a result of her efforts, the defendant owes the plaintiff $36,000 as a commission pursuant to the leasing commission schedule.
The plaintiff filed an application for a prejudgment remedy, dated June 10, 1992, against the defendant for the amount of $40,000.00. This court, Higgins, J., denied the prejudgment remedy in a memorandum of decision dated July 23, 1992. The court denied the application on the ground that plaintiff failed to show that there was a listing agreement, complying with the provisions with General Statutes Sec. 20-325a(b), between the owners of Buckingham Village and the defendant which would entitle the plaintiff to a commission.
The defendant filed a motion to strike accompanied by a memorandum of law dated September 16, 1992. The defendant filed a memorandum of law in opposition dated October 30, 1992.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280, 281, 567 A.2d 1264 (1990). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Id. CT Page 11269
The defendant argues that the plaintiffs action is to recover for a commission on a real estate transaction. The defendant argues that an action to recover on a real estate commission cannot be maintained unless there is a written contract expressing the underlying agreement pursuant to General Statutes Sec. 20-325a(b). Defendant argues that there is no right to recover a brokerage commission on the theory of quantum merit or unjust enrichment. Therefore, the defendant argues that the plaintiff fails to state a claim on the ground that the plaintiff has failed to allege the existence of a written listing agreement pursuant to General Statutes Sec. 20-325a(b). This court agrees.
The plaintiff argues that her claim is not pursuant to a listing agreement but rather based upon an action for a commission earned through employment of the plaintiff as a real estate broker. The plaintiff contends that her action should be characterized as a suit by an employee against an employer for her share of a commission paid to the employer. As a result, the plaintiff, argues that General Statutes Sec. 20-325a(b) is not applicable to her and therefore the motion to strike should be denied.
"The right of a real estate broker to recover a commission is dependent upon whether the listing agreement meets the requirements of Sec. 20-325a(b)." McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 519 (1991). General Statutes Sec.20-325a(b) states:
 (b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person from whom such acts were done or services rendered. To satisfy the requirement of this subsection any such contract or authorization shall be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or CT Page 11270 authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in Section 47-5, and by the real estate broker or his authorized agent.
General Statutes Sec. 20-325a(b).
It is "undisputed that Connecticut General Statutes Sec.20-325a requires that any brokerage contract be in writing." Economic Enterprises v. Richards Avenue, 2 Conn. L. Rptr. 4557 (1990) (Katz, J.), citing Del Greco Realty Co. v. Lamoureux,39 Conn. Sup. 95, 469 A.2d 1232 (1983); Seaman v. King Arthur Court, Inc., 35 Conn. Sup. 220 (1979). "Whether a particular listing complies with Sec. 20-235a(b) is a question of law." New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 623, 569 A.2d 1098
(1990). The statute must be strictly construed. Del Greco, supra, 97. "Connecticut courts have consistently held that when a listing agreement between a broker and a seller does not fully comply with these statutory requirements, the broker's action for commission is precluded." Boline v. Albert, 23 Conn. App. 688,690-91, 583 A.2d 945 (1991).
The complaint claims a real estate commission, but fails to allege the existence of a written listing agreement pursuant to General Statutes Sec. 20-325a(b). The entire complaint must be stricken for failure to state a claim upon which relief can be granted. Morris v. Hartford Courant Co., 200 Conn. 676, 684
(1986). The agreement entitled "Leasing Commission Schedule", annexed to the complaint as Exhibit "B" dated September 17, 1990, does not meet the requirements of General Statutes Sec.20-325a(b). This agreement does not contain the name and address of the Wethersfield Trust, the alleged owner and lessee of Buckingham Village, as required by General Statutes Sec. 20-325a(b).
The plaintiff cannot remove this case from the domain of General Statutes Sec. 20-325a(b) by asserting that her cause of action is pursuant to an employee and employer relationship. In paragraphs 5 and 9 of the complaint, the plaintiff alleges that it is the agreement entitled "Leasing Commission Schedule" upon which the plaintiff seeks a commission. Absent statutory compliance as aforementioned of the alleged agreement, the plaintiff's entire complaint is stricken for failure to state a CT Page 11271 claim upon which relief can be granted.
It is so ordered.
HIGGINS, J.