[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Cerino, a licensed real estate broker, filed a one-count complaint on July 29, 1992, which seeks to recover pursuant to an exclusive listing agreement, after he allegedly produced a buyer for a parcel of land owned CT Page 7583 by the defendants, James and Beverly Collins. On June 8, 1993, the defendants filed a motion for summary judgment (#115) on the ground that the parties' exclusive listing agreement is invalid because it does not meet the requirements of General Statutes20-325a(b). The plaintiff argues in his opposing memorandum that the parties' exclusive listing agreement must be read together with the contract for the sale of the defendants' property, and that these documents, when read together, meet the requirements of 20-325a(b).
To be enforceable, the listing agreement between the broker and seller "must contain the information enumerated in General Statutes 20-325a(b)." Revere Real Estate, Inc. v. Cerato,186 Conn. 74, 77, 438 A.2d 1202 (1982). Compliance with the requirements of 20-325a(b) is mandatory, as "[t]he use of the word `shall' in the statute connotes that the performance of the statutory requirements is mandatory rather than permissive." Thornton Real Estate, Inc. v. Cerato, 184 Conn. 228, 230439 A.2d 947 (1981). In the present case, the brokerage agreement does not, by itself, conform to the requirements of 20-325a(b), as it does not contain the signature of one of the sellers (defendant Beverly Collins), and does not contain the plaintiff's and defendants' respective addresses.
Separate documents will be deemed to constitute a valid contract under 20-325a(b) if they collectively satisfy the statutory requirements and relate to the same agreement. Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52,55, 453 A.2d 771 (1983). "Parol evidence will be considered if it convincingly shows that the signed and unsigned writings are connected to one another and have been assented to by the parties." Good v. Paine Furniture Co., 35 Conn. Sup. 24, 27,391 A.2d 741 (Sup.Ct. 1978).
The plaintiff's argument that the brokerage agreement and the contract of sale should be read together in order to create a valid brokerage agreement which meets the requirements of20-325a(b) must fail, as these documents are not related to the same subject matter or transaction. The plaintiff was not a party to the contract of sale. Even if the court were to read these documents together, they would not meet the requirements of 20-325a(b), because neither document contains the plaintiff's address. Thus, the contract of sale cannot constitute parol evidence for purposes of creating a complete brokerage agreement which conforms to 20-325a(b). CT Page 7584
Accordingly, the defendants' motion for summary judgment is granted, as the plaintiff-broker cannot maintain an action to recover commissions allegedly due and owing in the absence of a valid brokerage contract.
LEHENY, JUDGE