[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
CT Page 9819
Plaintiff, William Hunter, a duly licensed real estate broker in Connecticut, has commenced this four count action against movant defendants, the seller (Robert Johnson) and buyer (Housing Specialist 1996 L.L.C.) of real estate in Canton, Connecticut known as Dyer Farms. Each count fails to allege that plaintiff had a written broker agreement as required by General Statutes § 20-325a(b) and specifically alleges that defendant seller refused to sign a listing agreement sent him by broker plaintiff on July 10, 1996. The complaint further alleges that seller acquired Dyer Farms in December 1995 and at some unspecified time subsequent to March, 1996 these defendants consummated a contract of sale as to such. Fairly read, the complaint indicates that some, if not all of plaintiff's activities as a broker occurred prior to the listing being sent by plaintiff to seller.
As to both seller and buyer, plaintiff has plead counts sounding in misrepresentation, third party beneficiary contract (referencing a mutual indemnification clause between these defendants as to broker's commissions in the sale contract) and unjust enrichment. The factual core of each is defendants' failure to pay plaintiff compensation for his activities as a real estate broker, specifically a fee of $60,000 upon a sales price of $600,000.
Both defendant seller and defendant buyer have moved to strike the complaint, as failing to state a claim upon which relief can be granted, because of the bar against recovering a fee for broker services absent a written brokerage agreement, under § 20-325a. The court finds that the counts as plead against both of these defendants constitute no more than an attempt to recover plaintiff's broker's commission via a transparent "end run" around the clear requirements and bar of that statute and accordingly, both Motions to Strike are granted.
The court, in weighing the motions to strike, limits itself to the facts alleged in the complaint, as read in the manner most favorable to the plaintiff, taking each for purposes of the motion, as admitted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988); Maloney v. Conroy, 208 Conn. 392, 394
(1988). It is unquestioned that a motion to strike is appropriate to test the legal sufficency of a complaint seeking, in effect, broker's commissions. McCutcheon Burr. Inc. V. Berman,218 Conn. 512, 526 (1991). CT Page 9820
It is well established in Connecticut that a broker deprived of compensation for his services in the absence of a contract complying with the detailed requirements of § 20-325a, let alone in the complete absence of any written agreement, is precluded from suing for same. McCutcheon Burr, supra, Currie v. Marano,13 Conn. App. 527 (1988). This also applies to creative alternative causes of action designed to recover the fee by end running § 20-325a, such as unjust enrichment, misrepresentation and third-party beneficiary claims. McCutcheon Burr v. Berman,218 Conn. 512, 530 (1991); Currie v. Marano, 13 Conn. App. 527,531 (1988); Good v. Paine Furniture, 35 Conn. Sup. 24, 28 (1978);Farley Co. v. Alex, 9 CONN. L. RPTR. 480, 482 (July 29, 1993, Hennessey, J.); Lippia v. Lech, 11 CONN. L. RPTR. 18 (July 11, 1994, Dorsey, J.). Plaintiff's counts here all fall in this category.
Nor does it avail plaintiff to question the applicability of this rule to the buyer defendant as well as the seller defendant, for the statute is not limited by its terms to a suit against the seller. Economic Enter. v. Richards Avenue, 2 CONN. L. RPTR. 457, 1990 Ct. CaseBase 1692, 1694 (September 26, 1994, Katz, J.). The court is also unpersuaded that the application of § 20-235a
to the plaintiff upon the facts alleged, in this manner, violates either Article 1, §§ 10 or 20 of the Connecticut Constitution. The licensing and regulation of real estate brokers, such as plaintiff, is clearly within the police powers of the state. Cyphers v. Allyn,142 Conn. 699, 705 (1955). Plaintiff's argument essentially is that if he fails to protect himself by the simple expedient of obtaining a written broker agreement at the outset of his representation, then to hold him to the detrimental results of his own failure to follow the clear statutory requirement of his chosen profession is unconstitutional.
The motions to strike of defendants Johnson and Housing Specialist L.L.C., for the reasons set forth above, are each granted.
GRAHAM, J.