[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
CT Page 14202
The plaintiff, Vincent Lanna ("Lanna"), has brought this action against the defendant, Columbia Air Service ("Columbia"), seeking payment on a promissory note. According to the complaint, Apex Aviations executed a note to Lanna and Gerald Weir.[1] The complaint further states that Columbia purchased certain assets from Apex, and in partial consideration for the purchase assumed all obligation for the promissory note. Lanna now alleges that Columbia has defaulted on its obligations to him even though it had previously made certain payments under the note.
Columbia contests these assertions and has now moved for summary judgment on the ground that Lanna's complaint is barred by the Statute of Frauds. Lanna objects to the motion for summary judgment and argues that the Statute of Frauds is satisfied by part performance in that Columbia make certain payments or, in the alternative, that these certain payments constitute a written document that satisfies the Statute of Fraud.
In the present case, the parties disagree as to whether "part performance" is applicable to a contract that does not involve real property. For the reasons set forth below, it is not necessary that the court address that particular question.
"[A]cts of part performance . . . must be such as are done bythe party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties . . . The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. . ." (Emphasis added.) (Citations omitted; internal quotation marks omitted.)Fleet Bank, N.A. v. Galluzzo, 33 Conn. App. 662, 666,637 A.2d 803, cert. denied, 229 Conn. 910, 642 A.2d 1206 (1994). In the present case, the party seeking enforcement of a contract, Lanna, has not alleged any conduct on its part in reliance on the supposed contract. While Lanna has alleged that the actions of Columbia constitute part performance, such allegations do not meet the burden of showing that "the party seeking enforcement, in reasonable reliance on the contract and on the continuing CT Page 14203 assent of the party against whom enforcement is sought, has so changed his position that injustices can be avoided only be specific enforcement." (Citations omitted) H. Pearce Real EstateCo. v. Kaiser, 176 Conn. 442, 443, 408 A.2d 230 (1979).
Moreover, the plaintiff's reliance on the argument that the checks allegedly paid by Columbia constitute a written document that satisfies the Statute of Frauds is misplaced. Lanna relies on Good v. Paine Furniture Co., 35 Conn. Sup. 24, 26,391 A.2d 741 (1978), for the proposition that "[a] memorandum consisting of several signed and unsigned writings will satisfy the Statute of Frauds so long as those writings clearly refer to the same subject matter or transaction." Id., 26-27.
The court in Good, however, continued that "[p]arol evidence will be considered if it convincingly shows that the signed and unsigned writings are connected to one another and have been assented by the parties." Id., 27. Discussing several letters, leases and other agreements in the context of whether these several writings were sufficient to satisfy the in-writing requirement of § 20-325a (providing for brokerage agreements), the Good court found the collective writings insufficient to constitute a written contract.
In the present case, the only writings relied by Lanna are the two checks which Columbia allegedly paid Lanna in partial fulfillment of its assumed obligation. The plaintiff does not offer any other writings, whether signed or unsigned. In this regard, the plaintiff has not met his burden of establishing any sort of contract that meets the Statute of Frauds. SeeMcCutcheon Burr, Inc. v. Berman 218 Conn. 512, 523,590 A.2d 438 (1991) (the burden of establishing a contract through separate documents is "great . . . and must consist of more than a reference. . .").
Columbia's motion for summary judgment is granted.
Mihalakos, J.