## COLBURN *against* TOLLES :

### IN ERROR.

A plea in abatement for defective service of a writ of error, concludes properly, by praying judgment of the writ.

By our practice, it is not necessary that a plea in abatement should be signed by the party, or verified by *affidavit.*

Though pleas in abatement must be framed with the greatest certainty of averment, this rule does not require courts, in their construction of them, either to misunderstand or refuse to comprehend the ordinary import of the language used.

Therefore, where a plea in abatement averred, that the writ was no otherwise served upon the defendant, than by leaving a copy at his last usual place of abode, in this state; it was held, that this was equivalent to saying, that no copy was ever left with B, the defendant's attorney.

Where a plea in abatement averred, that the defendant was not a resident in this state, but was a resident in the state of M, when the writ was served, without saying *in what place* in the state of M the defendant resided ; it was held, that as this averment gave the plaintiff all the information that was necessary to enable him to make legal service, it was sufficient.

Where a plea in abatement to a writ of error averred, that the plaintiff ought to have served his writ, by leaving a copy thereof with B, who was his attorney, at the time of the pretended service, and now is his attorney, and who was his attorney who appeared in the original cause ; without averring, that B was the *only* attorney, who thus appeared ; it was held, that as the law does not require service of a writ of error, in such cases, upon more than one attorney, enough was alleged, in this particular, to enable the plaintiff to make legal service.

The statute, in directing the service of writs of error upon non-residents, refers only to the time of the service of the writ. Therefore, the description of the plaintiff in the original action, as a resident of this state, does not preclude him, afterwards, when defendant in error, from availing himself, in a plea of abatement, of his non-residence at the time of the service of the writ of error.

THE plaintiff in the original action described himself in the writ, as "*Henry Tolles*, of *Orange*, in the county of *New-Haven*, and state of *Connecticut*." To the present writ of error, brought by *Colburn*, *Tolles* pleaded in abatement as follows:

*New-Haven, July, 1840.*

*Colburn v. Tolles.*

"And now the said *Henry Tolles*, the defendant in error, comes into court and prays judgment of the plaintiff in said writ of error, and that the same may abate; because he says, that the said writ of error was no otherwise served upon him, the defendant in error, than by leaving a true and attested copy thereof, at his last usual place of abode in this state; and because he says, that he was not, at the time of the said pretended service, a resident of this state, and had no place of abode therein; but that he was, at the time of the said pretended service, and for a long time before, *to wit*, for the space of two years before, had been, and ever since hath been, and now is, a resident of the state of *Mississippi*. Wherefore the plaintiff in error ought to have served his said writ of error, by leaving a true and attested copy thereof with *William B. Bristol*, Esq., of *New-Haven*, in said county, who was his attorney at the time of said pretended service, and now is his attorney, and who was his attorney who appeared in the original cause, according to the statute in such case provided: and this he is ready to verify. Wherefore, he prays judgment of the said writ of error, that the same may abate and be dismissed.

Defendant, by <em>Baldwin</em> and <em>Bristol</em>."

To this plea the plaintiff demurred specially.

*Mix*, in support of the demurrer, contended, 1. That the plea was insufficient, because it did not conclude to the writ and declaration, or writ and matters and transcript of record therein; but prayed judgment only of the writ.

2. For want of an *affidavit* of the truth of the matters stated therein. 1 *Tidd's Prac.* 588.

3. Because the plea is not signed by the party.

4. Because it does not aver, that no copy has *ever* been left with *W. B. Bristol*, Esq., attorney; nor that he was, and is, the only attorney.

5. Because it does not state, in what place in *Mississippi*, the defendant in error resided.

6. Because it does not appear *at what period* the two years of *Tolles's* non-residence happened ; nor *when* the pretended service took place.

7. Because the defendant in error is estopped, by his own description below.

*Baldwin* and *Bristol*, contra, insisted, 1. That the plea was properly signed. According to the *English* practice and our own, a plea in abatement is signed by counsel.

2. That no *affidavit* was necessary. This has never been required in *Connecticut*.

3. That the averment in the plea, that this writ of error was *no otherwise* served upon the defendant in error, than by leaving a copy at his last usual place of abode in this state, was equivalent to saying, that it was *never* otherwise served.

4. That the averment in the writ regarding the non-residence of *Tolles* in this state, and his residence in *Mississippi*, is explicit and unambiguous, in every respect.

5. That it was sufficient for the defendant to aver, that he was a resident of *Mississippi*, without saying in what part of *Mississippi*. It was not necessary for the plaintiff to be informed of this, in order to make legal service.

6. That the plea shews, not only that the service attempted was not good, but also points out all that was necessary, to constitute legal service.

7. That the matter in abatement, in this case, being defective service of the *writ*, and not any thing appearing on the face of the declaration or record, the plea properly concluded, by praying judgment of the writ.

CHURCH, J. The questions in this case arise under a demurrer to a plea in abatement for defective service of the writ of error.

The plea in abatement does not pray judgment of the declaration, and the matters therein contained, but only of the writ. As the only defect complained of, is in the service of the writ, there could be no necessity, nor hardly a propriety, in praying judgment of the declaration.

This plea is not verified by *affidavit*, nor signed by the party. These formalities have never been required, by our practice.

Pleas in abatement must be framed with the greatest cer-
tainty of averment.    But this rule does not require courts, in
their construction of them, either to misunderstand, or refuse
to comprehend, the ordinary import of language.

If the defendant in error was not a resident of this state,
then the law requires service of the writ of error to be made,
by leaving a copy of it with the attorney who appeared in the
original cause.

It is objected, to this plea, that it does not aver, that no
copy was left in service with *William B. Bristol,* Esq., who
was the attorney who appeared in the original suit.    We
think it does, in effect, aver this.    It alleges, that the writ
*was no otherwise* served upon the defendant in error, than by
leaving a copy at his last usual place of abode in this state.

It is objected, also, notwithstanding the plea avers, that
the defendant in error was not a resident in this state, but
was a resident in the state of *Mississippi,* when the writ of
error was served, that it is defective because it does not state
in what place in *Mississippi* the defendant resided.    This
was unnecessary, and would have been surplusage, if alleged.
Enough was averred, to inform the plaintiff, that his writ
could only be legally served, by leaving a copy with the
attorney of the defendant.

It is also objected, that the plea does not aver, that *William
B. Bristol* was the only attorney, who appeared for the de-
fendant in the original action.    The law does not require
service of a writ of error to be made, in such cases, upon
more than one attorney; and therefore, enough is alleged, in
this particular, to enable the plaintiff to make a better and a
legal service of his writ.

The plaintiff in error supposed, that as in the original writ
in this case, the defendant in error was described to be a resi-
dent in this state, he must be considered still to be; and that
he might be treated as such, by the plaintiff, in the service of
the writ of error.    This is a mistaken view of the law.    The
statute, in directing the service of writs of error upon non-
residents, had reference only to the time of the service of the
writ of error, and not to any previous condition of the defend-
ant, nor to any description of the parties in the original action.

*New-Haven,*
*July, 1840.*

Colburn
*v.*
Tolles.

The object of this provision of the statute would be entirely frustrated, by any different construction.

We are of opinion, that the plea in abatement is sufficient.

In this opinion the other Judges concurred.

Plea in abatement sufficient.