SAMUEL C. WILCOX *vs.* FRANCIS CHAMBERS.

A plea in abatement which stated the names of the parties at its head, was signed at the bottom only with the word "Defendant." Held to be sufficient.

REPLEVIN suit, brought to the superior court in Hartford county. The defendant filed the following plea in abatement.

"Samuel C. Wilcox *vs.* Francis Chambers.    Hartford County, Superior Court, December term, 1865.

"And the defendant comes into court and prays judgment of the plaintiff's writ and says the same ought to abate, because he says that no copy of said writ was left with him, the defendant, or at his usual place of abode, by the officer who undertook to serve the same, at the time of the service of the same by the taking of the property sought to be replevied, or within one hour thereafter, as required by statute, or within more than four hours thereafter, nor was a true and attested copy of said writ and of the officer's doings thereon indorsed ever delivered to the defendant, or left at his usual place of abode, nor was said writ ever read to him or in his hearing by the officer who undertook to serve the same; which he is ready to verify. Wherefore he prays judgment of the said writ and that the same may abate and be dismissed.    Defendant."

The plaintiff demurred to the plea, and the superior court (*Phelps, J.,*) held the plea sufficient, and rendered judgment

that the suit abate and be dismissed. The plaintiff brought the record before this court by motion in error.

*McFarland*, in support of the motion cited 1 Chitty Pl., 549 ; *Holloway* v. *Freeman*, 22 Ill., 197 ; *Wadsworth* v. *Woodford*, 1 Day, 28 ; *Clark* v. *Warner*, 6 Conn., 355 ; *Beach* v. *Baldwin*, 9 id , 476.

*C. E. Perkins*, with whom was *Chambers*, contra, cited *Colburn* v. *Tolles*, 13 Conn., 524, 526.

McCurdy, J. It is very true that pleas in abatement are to be construed strictly, and of course they require great particularity in their statements. But we are unable to see why the salutary principle established by statute in relation to circumstantial defects should not be applicable to them. Gen. Statutes, p. 19, sec. 90.

In *Colburn* v. *Tolles*, 13 Conn., 524, Judge Church says:— "Pleas in abatement must be framed with the greatest certainty of averment. But the rule does not require courts in their construction of them either to misunderstand or refuse to comprehend the ordinary import of language."

In this case it is admitted that the plea is right, not only in substance but in form, except that the name of the defendant is not placed at the bottom. It is not pretended that there is any trouble in arriving at the meaning of the plea, and we find no perplexity in understanding the person. The plaintiff in his declaration sets out the defendant's name in full. The defendant, who has a right to appear in person, and who moreover is a member of the bar, has placed his name in like manner, "Francis Chambers," at the head of the plea. Signing the plea at the bottom with his own hand as the " defendant," is equivalent to affixing his name again. The plaintiff certainly could have no reasonable doubt, either as to the individual he was dealing with or the character in which he appeared.

Besides, the mode of entering pleas is a mere question of practice, and it has been the immemorial usage in this state

to sign as "Defendant," "Defendant for himself," "Defendant by A. B. his attorney," or ·the attorney alone signs in his own name. This practice, which is perfectly unobjectionable in itself, has been recognized and fully sanctioned by this court in the case of *Colburn* v. *Tolles,* before referred to.

There is no error in the judgment of the superior court.

In this opinion the other judges concurred.