Draper *v.* Moriarty.

———————————

FRANK E. DRAPER AND ANOTHER *vs.* JOHN H. MORIARTY AND ANOTHER.

A defendant on whom service has been made in an action founded on contract, can by himself plead in abatement the want of service upon a co-defendant.

A plea in abatement is not defective in form because it prays judgment of the declaration as well as the writ.

The rule that pleas in abatement must be framed with the greatest certainty of averment, does not require courts in their construction of them to deny to the language used its ordinary import.

ASSUMPSIT, brought to the Superior Court in Hartford County.   The defendant pleaded in abatement, the plaintiff

traversed the plea, and the court (*Martin, J.,*) found the allegations of the plea to be true and rendered judgment upon it for the defendants. Motion in error by the plaintiffs. The case is sufficiently stated in the opinion.

*G. G. Sill*, for the plaintiffs.

*M. R. West*, for the defendants.

GRANGER, J. This is an action of assumpsit. The writ was against John H. Moriarty and James Moriarty, both of Hartford, late partners under the name of Moriarty Brothers, and was made returnable on the first Tuesday of May, 1877. No service of the writ was made upon John Moriarty, but a copy was left with James Moriarty, who appeared before the court and filed a plea in abatement, upon the ground that no service of the writ was ever made on John Moriarty. Upon this plea the court found "that two copies of the writ, with the officer's doings thereon endorsed, were left with James Moriarty, one of the defendants, but no copy of the writ or declaration was left by the officer who undertook to serve the same with John H. Moriarty, the other defendant, or at his usual place of abode, nor was the writ read to the said John H. Moriarty, and no service of the writ and declaration of any kind was ever made on said John H. Moriarty, and he did not appear or answer to said action."

Upon these facts the court found the issue in favor of the defendants, and that the writ and declaration should abate and be dismissed. The plaintiffs filed a motion in error, and make three objections to the plea in abatement.

1. To the person pleading; the claim being that James Moriarty, on whom legal service was made, could not *alone* plead in abatement for defective service on his co-defendant.

We fail to see the force of this objection. The law that all the joint contractors must be sued is too well settled to need argument or require the citation of authorities, and if only a part are sued they must plead the matter in abatement. 1 Swift Dig., 184. And service must be made on all the joint contractors named in the writ or it is abatable.

*Butts* v. *Francis*, 4 Conn., 426.   The writ in this case being abatable, for the reason that no service of any kind was ever made upon John Moriarty, what reason exists why James Moriarty may not plead alone this matter in abatement?   In the case last referred to, HOSMER, C. J., says, "where there are two defendants, an attested copy, where the notice is not by personal summons, must be left with each of them, or at the place or places of their usual abode.   They may jointly plead a defect of service in abatement, because it is a defense in which they have a joint interest."   In that case it was claimed that the plea was bad because both the defendants joined in it.   In this case the claim is that the plea is bad because only one of the defendants pleaded in abatement. The court in that case does not hold that one of the defendants may not plead that no service was made on his co-defendant, and none of the cases referred to by the plaintiff sustain this doctrine.   The writ in this case being clearly abatable, it was competent and proper for the defendant upon whom service was made to plead that no service was made on his co-defendant and co-promisor.

2.   The plaintiff claims that the plea is defective in form, because it begins by praying judgment of the writ and declaration, and not of the writ alone, and the case of *Colburn* v. *Tolles*, 13 Conn., 524, is referred to in support of this claim.   In that case, which was a writ of error, the plea in abatement concluded by praying judgment of the writ alone, and the claim of the plaintiff in error was that it should have prayed judgment of the writ and declaration both.   Judge CHURCH, in giving the opinion of the court, uses this language:—"As the only defect complained of is in the service of the writ, there could be no necessity for, and hardly a propriety in, praying judgment of the declaration."   It cannot be inferred from this language that the court meant to hold that there would have been an impropriety in praying judgment both of the writ and declaration.   If the writ abates the declaration falls with it, and the fact that the plea prays judgment of the declaration as well as the writ is but a circumstantial defect, if it is a defect at all.   In the case of

*Wilcox* v. *Chambers*, 34 Conn., 179, the court says in reference to pleas in abatement, "We are unable to see why the salutary principle established by statute in relation to circumstantial defects should not be applicable to them." Gen. Statutes, p. 420, sec. 1. A significant note of the revisers under this section is, that "it will help out a plea in abatement." But we do not think this plea needs any such help on account of its praying judgment of the declaration, and the claim of the plaintiff cannot be sustained.

3. The third objection is the failure to prove the allegations alleged. The question whether the facts alleged in the plea were proved or not, was a question proper to be presented to the Superior Court, and that court has found the main facts alleged to be proved. But it is said that the plea is fatally defective because all the allegations are not proved to be true; that such pleas "are not favored, and a strictness is required that is demanded in no other plea." In *Colburn* v. *Tolles*, already cited, the court says:—"Pleas in abatement must be framed with the greatest certainty of averment. But the rule does not require courts in their construction of them to misunderstand or refuse to comprehend the ordinary import of language." Applying this rule to the plea in this case we find no uncertainty as to the averments. The import of the language of the plea is, that no service of the writ was made on John H. Moriarty, one of the joint promisors and co-defendant. The court below has found distinctly this averment to be true, and that it was sufficient cause for abating the writ.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.