DITCHKUS REAL ESTATE COMPANY *v.* DIRCK A. STORM
(9566)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued April 22—decision released June 18, 1991

*William F. Gallagher,* with whom, on the brief, were *George Jaser* and *Cynthia C. Bott,* for the appellant (plaintiff).

*Thomas B. Lynch,* for the appellee (defendant).

DALY, J. The plaintiff appeals from a summary judgment rendered in the defendant's favor on September 12, 1990. The plaintiff initiated suit complaining that the defendant had failed to pay a commission due the plaintiff upon the sale of the defendant's property located at 520 North Street in the city of Milford. The plaintiff claims on appeal that the trial court improperly found that the plaintiff was not due its commission and incorrectly concluded there was no genuine issue of material fact. We disagree and affirm the judgment of the trial court.

The following facts were found by the trial court in its memorandum of decision. The plaintiff and the defendant originally entered into a written listing agreement for six months, beginning on May 29, 1986, and ending on November 29, 1986. The contract provided that the plaintiff would receive a 10 percent commission of the agreed sales price "if during the term of this contract (a) the listed property is sold or (b) we, you, or anyone else finds a buyer ready, willing and

able to buy the listed property, either for the listed price or any other price acceptable to me." On August 1, 1986, the defendant signed a sales contract to sell the property to Running Brook Properties (RBP), contingent upon the zoning approval to construct a two hundred unit condominium project. Thereafter, on August 13, 1987, the defendant and RBP renegotiated the transaction and signed a new sales contract contingent upon zoning approval for a seventy-four unit complex. Subsequently, the defendant signed an agreement with the plaintiff on September 24, 1987, that granted the plaintiff a 5 percent commission for the sale of the property, specifically referring to the contract dated August 13, 1987, between the defendant and RBP. This contract made no reference to the expired listing agreement between the plaintiff and the defendant and thus did not extend or renew it.

The defendant and RBP were unable to obtain the zoning approval and, therefore, their contract of August 13, 1987, failed due to the unfulfilled contingency. On June 1, 1989, RBP entered into a successful sales contract with the defendant, without contingencies, and the property was sold to RBP.

This court reviews the propriety of a summary judgment by examining whether "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; *Siudyla* v. *ChemExec Relocation Systems, Inc.,* 23 Conn. App. 180, 182, 579 A.2d 578 (1990). The evidence is viewed in the light most favorable to the opponent of the summary judgment. Id., 185.

The plaintiff claims that it provided the defendant with a buyer ready, willing and able to purchase the listed property during the six month period when the

listing contract was in effect, and thus is entitled to the sales commission. The plaintiff argues that the trial court decided issues of material fact to determine that the resulting 1989 sales contract, between the defendant and RBP, was not the successful result of continuous negotiations that began during the listing period when the plaintiff brought the parties together. We do not agree.

"To recover a commission, a broker must ordinarily show (1) that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or (2) that he has brought the buyer and seller to an enforceable agreement. . . . He must also show that he has complied with General Statutes § 20-325a."[1] (Citations omitted.) *Howland* v. *Schweir,* 7 Conn. App. 709, 713, 510 A.2d 215 (1986); see *McCutcheon & Burr, Inc.* v. *Berman,* 218 Conn. 512, 519, 590 A.2d 438 (1991). During the six month period when the plaintiff had a valid listing agreement with the defendant, the

---

[1] General Statutes § 20-325a provides in pertinent part: "(a) No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter.

"(b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization was given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent."

plaintiff produced a buyer who entered into negotiations with the defendant to purchase his property. As a result of these negotiations, the defendant and RBP signed a sales contract that was contingent upon obtaining zoning approval. If the zoning approval was not obtained by RBP, then the contract would be null and void. The plaintiff produced a buyer who was not ready or willing to purchase the defendant's property unless a certain contingency was fulfilled. See *Menard* v. *Coronet Motel, Inc.,* 152 Conn. 710, 710–12, 207 A.2d 378 (1965); *Setaro* v. *Botelho,* 4 Conn. Cir. 721, 723, 239 A.2d 560 (1967). Thus, the contract between the defendant and RBP was void before the expiration of the listing agreement.

The second contract between the defendant and RBP in August, 1987, also failed for similar reasons as the first contract. Although this second contract was formed after the expiration of the plaintiff's listing agreement with the defendant, the defendant and the plaintiff executed another agreement granting the plaintiff a 5 percent commission on the specified August, 1987 contract. This agreement did not refer to or revive the expired listing agreement.

After the August, 1987 contract between the defendant and RBP was nullified due to another failed contingency, almost two years transpired before the defendant and RBP came to their agreed terms in a sales contract dated June 1, 1989. Moreover, the parties entered into this final sales contract two years and seven months after the termination of the plaintiff's listing agreement with the defendant. A listing agreement's termination date cannot thereafter be construed as an open ended listing. See General Statutes § 20-320 (6); *Maretz Franford, Inc.* v. *Kramer,* 7 Conn. App. 120, 128 n.2, 508 A.2d 35 (1986). The requirements of General Statutes § 20-325a are strictly applied

to listing agreements; *McCutcheon & Burr, Inc.* v. *Berman,* supra, 521; and their terms are likewise strictly construed. *Howland* v. *Schweir,* supra, 714. The plaintiff's argument would have us circumvent our statutes and allow for de facto claims that would extend listing agreements indefinitely.

The plaintiff failed to produce a buyer ready, willing and able to enter into a viable sales contract during the time period when a valid listing agreement was in effect. Considering all the facts contained in the record construed in a light most favorable to the plaintiff, we conclude that the trial court correctly found no contested issues of material fact and properly granted summary judgment to the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.