[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action by a real estate broker to recover a commission for obtaining a buyer of the defendants' real property. The first count of the complaint claims that there was a written listing agreement complying with the provisions of section 20-325a of the General Statutes. The second count is for the reasonable value of the work and services performed by the plaintiff-broker. The third count alleges that the services were performed at the defendants' request and constituted a benefit to him for which payment was expected. The defendants have filed a motion to strike all three counts of the complaint, claiming that the plaintiff failed to comply with the requirements of section 20-325a of the General Statutes.
A motion to strike challenges the legal sufficiency of a pleading and admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or cause of action, the motion to strike must fail." Id., 108, 109. "`To recover a commission, a broker must CT Page 1658 ordinarily show (1) that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or (2) that he has brought the buyer and seller to an enforceable agreement. . . . He must also show that he has complied with General Statutes, Sec. 20-325a.'" Ditchkus Real Estate Co. v. Storm, 25 Conn. App. 51, 54; Howland v. Schweir, 7 Conn. App. 709, 713. The right of a real estate broker to recover a commission depends upon whether there is a written listing agreement in effect containing the essential information in section 20-325a. McCutcheon 
Burr, Inc. v. Berman, 218 Conn. 512, 519; Revere Real Estate, Inc. v. Cerato, 186 Conn. 74, 77; Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228, 229-230.
There is no right in Connecticut to recover brokerage commission on the theory of quantum meruit or unjust enrichment. Currie v. Marano, 13 Conn. App. 527,530-533, cert. denied, 207, 809; Good v. Paine Furniture Co., 35 Conn. Sup. 24, 27-28. Accordingly, the second and third counts do not state a valid cause of action.
The first count of the complaint alleges that the written listing agreement complied with the statute. The contract referred to as Exhibit A is not attached to the complaint, so its terms cannot be considered on a motion to strike. The written listing agreement was in effect for ninety days and was extended for an additional ninety days on April 6, 1990 by an oral agreement of the parties. It is also alleged that the plaintiff brought the property to the attention of a buyer "while the contract or authorization was in effect," that the buyer later purchased the property for $145,000.00 and that the plaintiff is entitled to a commission of $7,975.00 "in accordance with the contract or authorization."
An action to recover a commission cannot be maintained unless there is a written contract or authorization expressing the underlying agreement. Francis T. Zappone Co. v. Mark, 197 Conn. 264, 266. There is no liability to pay a broker's commission for services rendered by the broker after the written listing agreement or an extension of it has expired. Currie v. Marano, supra, 530; Howland v. Schweir, supra, 715. It is not enough that a broker brought a property to the attention of a potential buyer while the listing was in effect. The buyer must also be ready, willing and able to enter into a viable sales contract while the listing is in effect. Ditchkus Real Estate Co. v. Storm, supra, 55. In some cases, a later document can extend the term of an expired written listing agreement. Boline v. Albert, 23 Conn. App. 688, 691. The complaint contains CT Page 1659 inadequate factual information for the court to determine whether or not the broker earned a commission under the terms of the written listing contract and any extensions of it which complied with the statute. For this reason, an attack on the legal sufficiency of the first count is premature.
The motion to strike is denied as to the first count but granted as to the second and third counts of the complaint.
ROBERT A. FULLER, JUDGE