This is an action to recover a broker's commission which raises the question whether a written listing agreement which complies with section 20-325a of the Connecticut General Statutes can be extended by an oral agreement between the parties. A motion to strike challenges the legal sufficiency of the complaint and admits all facts well pleaded but does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91, 108. CT Page 5479
The right of a real estate broker to recover a commission depends upon whether there is a written listing agreement in effect containing the essential information in section 20-325a. McCutcheon Barr, Inc. v. Berman, 218 Conn. 512, 519; Revere Real Estate Inc. v. Cerato, 186 Conn. 74, 77; Thornton Real Estate Inc. v. Lobdell, 184 Conn. 228, 229-230. There is no liability to pay a broker's commission for services rendered by the broker after the written listing agreement or an extension of it has expired. Currie v. Marano, 13 Conn. 527, 530-33, cert. denied, 207 Conn. 809; Howland v. Schweir, 7 Conn. App. 709, 713.
The amended complaint alleges that the plaintiff broker entered into a written listing agreement with the defendant for a three-month period from January 6, 1991 to April 6, 1991. The written listing is attached to the complaint, and there is no claim that it does not comply with the requirements of section 20-325a
of the General Statutes. Paragraphs four and five of the complaint allege that on or about April 6, 1991 the written listing was extended for ninety (90) days by an oral agreement between the parties and that the plaintiff or a broker employed by it produced a buyer during the extension period. The written contract between the defendant and the buyers acknowledge that the plaintiff was the procuring cause of the sales contract. Exhibits attached to a complaint can be considered in ruling upon a motion to strike. Redmond v. Matthies, 149 Conn. 423, 426.
In order to recover a commission, a broker must show that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or that he has brought the buyer and seller to an enforceable agreement; in addition to proving compliance with section 20-325a of the General Statutes. Ditchkus Real Estate Co. v. Storm, 25 Conn. App. 51, 54. A buyer must be ready, willing and able to enter into a sales contract while the listing is in effect. Id., 55. The seller does not have to pay a commission if the written listing agreement had expired when a buyer was obtained. Currie v. Marano, supra, 530.
The written listing agreement here states that it expired on April 6, 1991. It contained no provision for an extension. One of recover the requirements of the statute is that the contract or authorization must be in writing. Section 20-325a(b)(1) of the Connecticut General Statutes. The expiration date was a condition of the original written listing. In fact it is illegal to have an exclusive listing contract with a fixed termination date and a provision for an automatic continuation of the period of the listing beyond that date. Section 20-320 (6) of the Connecticut General Statutes.
Any modification of the specific conditions of the agreement must be in writing in order to satisfy section 20-325a(b)(4) of the CT Page 5480 General Statutes. Nugent v. DelVecchio, 36 Conn. Sup. 532, 536. At the time the plaintiff produced a customer ready, willing and able to buy the property on terms acceptable to the defendant seller, the written listing had expired. While it may be possible to have separate writings which together create a valid contract which extends the term of the written listing and complies with the statute, Boline v. Albert, 23 Conn. App. 688, 691; Good v. Paine Furniture Co., 35 Conn. Sup. 24, 27, there is no written extension of the original agreement in this case. Allowing evidence of an oral contract between the parties would undercut the entire purpose of section 20-325a and its provision that the real estate listing agreement must be in writing. The listing agreement termination date cannot be construed as an open ended listing when the original agreement provided for a fixed termination date, and the requirements of the statute and the terms of the listing agreement must be strictly construed. Ditchkus Real Estate Co. v. Storm, supra, 55, 56. Moreover, allowing parol evidence of a subsequent oral agreement extending the terms of the original written listing would violate the parol evidence rule. See Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 56.
Where there was no written listing agreement in effect when the broker produced a buyer for the property, the broker cannot based on a theory of unjust enrichment, Currie v. Marano, supra, 530-533 or quantum meruit, Goldblatt Associates v. Panza, 24 Conn. App. 250, 253-254, where there was an oral contract. A written agreement, unlike an oral contract, provides clear and specific proof of all the terms agreed to by the parties. Allowing a recovery based upon an oral agreement, even where it attempts to extend the terms of a prior written agreement, would subvert the intent of the legislature in passing the statute and the cases strictly construing it.
A motion to strike is a proper method to challenge the sufficiency of the agreement. McCutcheon Burr, Inc. v. Berman, supra, 526. The validity of the agreement under the statute should be determined at the earliest time practicable. New England Land Co. Ltd v. DeMarkey, 213 Conn. 612, 623.
The motion to strike the amended complaint is granted.