[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Weichert Realtors (Weichert) and Prudential Connecticut Realty (Prudential), real estate brokers, filed an action against G. Russell Zink and Margo R. Zink, seeking to recover a commission allegedly due and owing Weichert from a right to sell and Prudential as a co-broker or subagent. The defendants filed an answer and special defenses alleging that the plaintiffs failed to produce a buyer ready, willing and able to purchase their property, no closing occurred, Prudential did not have a written listing agreement with the defendants, Weichert fraudulently represented that the premises could be withdrawn without liability for a commission, and the buyers did not meet certain conditions precedent to the purchase agreement.
The defendants also filed a six-count counterclaim alleging vexatious litigation and abuse of process and a violation of Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, on the part of both CT Page 7918 defendants.
A trial was held on September 11, 1996. The action filed on behalf of Prudential was dismissed at the time of the trial.
FACTS
Weichert and the defendants signed an agreement giving Weichert the exclusive right to sell. (Exhibit 1.) The agreement provides that the defendants would pay Weichert a specified commission if "a. The PROPERTY is sold during the term of this agreement; or b. During the term of this agreement, I/We You or anyone else produces a buyer ready, willing and able to buy the PROPERTY, either for the price and upon the terms described herein, or for any other price and terms acceptable to me/us." (Exhibit 1.)
The plaintiff produced S. Holt Smith and Donna J. Christensen as buyers. The buyers signed an offer to purchase on June 21, 1994 which was accepted by the defendants on June 24, 1994. (Exhibit 8.) The offer to purchase agreed upon a price, it stated that a contract was to be signed within ten working days from acceptance, the closing was to be on or before August 15, 1994, and was subject to the following condition, "Confirmation of funds required to close. Available at signing." Russel Zink testified that he would not execute a sales contract unless and until the buyers had satisfied the contingency clause and that the clause was inserted because there was no mortgage contingency.
The contracts signed by the buyers were delivered to the defendants' attorney's office on July 12, 1994 with the balance of the downpayment. The confirmation of funds was not made available. The buyers' attorney, Vincent Tirola, testified that said confirmation was not supplied on the instruction of the buyers until the contracts were signed by the defendants and the buyers were sure there was a firm deal. Donna Christianson testified that the buyers authorized Attorney Tirola to act whatever way he saw fit. She testified that the buyers never instructed Attorney Tirola not to disclose the financial information needed to have a "confirmation of funds required to close." On July 12 the defendants' attorney notified the buyers' attorney that the defendants withdrew the property from the market, and returned the unsigned contract along with the downpayment the following day. (Exhibit 7.)
DISCUSSION
As a general proposition, "[a] `conditional promise' may be defined as `a promise so qualified that a duty of immediate performance will not arise until some condition exists or will cease after some condition exists.' A CT Page 7919 condition may qualify the duty of immediate performance of one party or of both parties to the contract." 5 Williston on Contracts § 666 (1961). See also Lach v. Cahill, 138 Conn. 418, 421, 84 A.2d 481
(1951) (in suit for deposit between buyer and seller of home, a mortgage contingency clause was satisfied by buyer, who was entitled to return of his deposit). "If the condition is not fulfilled, the right to enforce the contract does not come into existence. . . . Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties." Lach v. Cahill, supra.
"To recover a commission, a broker must ordinarily show (1) that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or (2) that he has brought the buyer and seller to an enforceable agreement." Ditchkus Real Estate Co. v. Storm,,25 Conn. App. 51, 54, 592 A.2d 959, cert. denied 220 Conn. 905, 593 A.2d 97
(1991). "The determination of whether a buyer is ready, willing and able is a question of fact and will not be reversed unless the trial court's findings are clearly erroneous." William Raveis Real Estate, Inc. v.Stawski, 31 Conn. App. 608, 610, 626 A.2d 797 (1993). In theDitchkus case, the broker produced a buyer who entered into negotiations with the defendant, and signed a sales contract with the defendant which was contingent upon obtaining zoning approval. The court held, "[i]f the zoning approval was not obtained by [the buyer], then the contract would be null and void. The plaintiff produced a buyer who was not ready or willing to purchase the defendant's property unless a certain contingency was fulfilled . . . thus, the contract between the defendant and the [buyer] was void before the expiration of the listing agreement."Ditchkus Real Estate Co. v. Storm, supra, 25 Conn. App. 55.
In Menard v. Coronet Motel, Inc., 152 Conn. 710, 207 A.2d 378
(1964) the plaintiffs sued to recover a broker's commission. The plaintiffs negotiated a contract for the sale of the defendant's property to a buyer. The contract contained a condition that the buyer's obligation to perform is conditional on their ability to sell a parcel of real estate. The condition was not met and the buyers refused to purchase the residence. "The contract between the defendant and the [buyer] clearly sets up a condition precedent to the [buyer's] obligation to purchase. Until this condition had been fulfilled, it cannot be said that the [buyers] were ready, willing or able to buy on the terms prescribed." Id., 712.
The courts have awarded the broker's commission where the broker secured a customer ready, able and willing to buy the property upon the terms and conditions prescribed by its owner, but the owner unilaterally refused to sell. Revere Real Estate, Inc. v. Cerato, 186 Conn. 74, CT Page 7920 80, 438 A.2d 1202 (1982); Dworski v. Lowe, 88 Conn. 555,92 A. 112 (1914) (seller sought to impose additional conditions after the buyers agreed to purchase). See also Storm Associates, Inc. v.Baumgold, 186 Conn. 237, 242-43, 440 A.2d 306 (1982) (trial court's finding that buyers were ready, willing and able not clearly erroneous where buyers were financially able to purchase, they agreed to the defendant's stipulations, they dropped their own stipulations, and Although they delayed communicating their acceptance to the defendant for a few days "[n]othing in the negotiations between the parties had indicated that time was of the essence.")
The plaintiffs did not bring the buyers and sellers to an enforceable agreement because the condition precedent was not met, and the sellers had no obligation to perform. Furthermore, the court accepts Mr. Zink's testimony, and finds that the plaintiff did not produce a buyer ready, willing and able to purchase the property on the defendants' terms because the buyers did not meet the contingency clause. Mr. Zink stated that the contingency was added because of the lack of a mortgage contingency clause, and that he would not have signed the agreement without financial assurance. Therefore, judgment shall enter in favor of the defendants on Weichert's complaint.
As to the vexatious litigation counterclaims, the defendants argue that neither Prudential nor Weichert had probable cause to bring the action to recover the real estate commission.
A claim for vexatious litigation "requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." Zeller v. Consolini,235 Conn. 417, 424, 666 A.2d 64 (1995). "[I]t is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." Id.
The weight of authority indicates that a party may not bring a vexatious claim as a counterclaim in the very suit a defendant contends is vexatious. The Connecticut Supreme Court stated that one of the concerns underlying the requirement of successful termination is "the danger of inconsistent judgments if defendants use a vexatious suit or malicious prosection action as a . . . counterattack to an ongoing proceeding."DeLaurentis v. New Haven, 220 Conn. 225, 251, 597 A.2d 807
(1991). In interpreting Connecticut statutory and common law vexatious litigation suits, the federal district court in Connecticut held, "[g]iven the requirement that the suit must terminate in favor of the defendant, it CT Page 7921 is impossible to use vexatious litigation as a counterclaim in the very suit a defendant contends is vexations." Palmigiano v. Garrahy,448 F. Sup. 659 (D.Conn. 1978). Most Superior Courts have agreed. SeeSirowitz v. Jones, Superior Court, judicial district of Fairfield, Docket No. 317317 (May 8, 1995, Thim, J.); Lessler v.Sundwall, Superior Court, judicial district of Litchfield, Docket No. 055578 (March 9, 1994, Pickett, J.); Field v. Kearns, 8 CSCR 427
(March 31, 1993, Leheny, J.); Rutenberg v. Ronsenbilt, judicial district of Hartford-New Britain, Docket No. 353700 (March 14, 1994, Hennessey, J.). But see Sonitrol Sec. Sys. v. Dep't Admin. Serv.,
Superior Court, judicial district of Hartford-New Britain, Docket No. 702181 (Nov. 10, 1992, Schaller, J.) (citing concerns regarding judicial economy); Pattrell v. Ayers, Superior Court, judicial district of Litchfield, Docket No. 049825 (March 31, 1994, Dranginis, J.). This court adopts the line of reasoning that holds that a vexatious claim may not be asserted as a counterclaim in the action claimed to be vexatious. Thus, the defendants cannot recover against Prudential and Weichert for vexatious litigation at this juncture.
The defendants argue that the suit against Prudential was terminated in their favor on the date the action was dismissed. The cause of action accrued on the date the suit against Prudential was dismissed. SeeChampagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 520-521,562 A.2d 1100 (1989). The defendants cannot reach back in time and resuscitate a cause of action that was not maintainable from the time it was filed.
The counterclaim also alleges abuse of process. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Mozzochi v. Beck, 204 Conn. 490,494, 529 A.2d 171 (1987). There is no liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." Id. The court heard no evidence that would warrant a finding of abuse of process, and indeed the defendants do not even address the counterclaim in their post trial memorandum.
Lastly, the defendants claimed a violation of CUTPA against Prudential for bringing a vexatious suit and against Weichert for bringing a vexatious suit and for a representation by its agent that the premises could be taken off the market without any exposure or liability for a commission. The defendants assert that the representation released the defendants from any liability. Therefore, the filing of the action is vexatious and a CUTPA violation. CT Page 7922
Because the CUTPA counterclaims are based on the vexatious litigation and abuse of process claims, and the court denied recovery under both claims, the defendants likewise cannot recover under CUTPA.
In conclusion, judgment shall enter in favor of the defendants on Weichert's complaint and judgment shall enter in favor of the plaintiffs on the defendants' counterclaim.
Mintz, J.