[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#102)
This is an action by the plaintiff real estate broker to recover a real estate commission. The defendant land owner moves for summary judgment on the ground that the plaintiff broker failed to comply with Gen. Stat. Section 20-325a. For the reasons that follow, the defendant's motion for summary judgment is denied.
 I. FACTUAL AND PROCEDURAL HISTORY
The allegations of the complaint are as follows. The plaintiff, Dow Condon, Inc. d/b/a Colliers Dow Condon, is a real estate brokerage firm licensed in Connecticut. On or about October 30, 1998, the plaintiff forwarded an open listing to sell form (listing) to the defendant, Muros North Limited Partnership, regarding a building owned by the defendant. The plaintiff introduced Murphy Road, LLC (Buyer) to the property which entered into a purchase and sales agreement with the defendant regarding the property, and eventually purchased it for $2,250,000. The plaintiff claims that because it introduced the buyer to the property, the plaintiff is due a commission of 2.5 percent of the sale price as set forth in the listing. The defendant denies liability for the commission.
The plaintiff attached a copy of the alleged listing to the complaint. The listing, a printed form with typed and written additions, provides that it is effective from October 30 through November 6, 1998. The listing authorized the broker to quote a sale price of $2,200,000 and provides for a commission of 4.5 percent of the ultimate sale price, but these terms were crossed out and replaced, in handwriting, with figures of $2,550,000 and 2.5 percent The listing was signed by the plaintiffs agent forwarded to the defendant's agent, who made the above changes and initialed them, and returned the listing to the plaintiff, who did not cause the changes to be initialed on its behalf.
In its answer, the defendant denies entering into a binding listing with the plaintiff. The defendant further denies that the plaintiff is due a commission in connection with the sale from the defendant to its buyer. CT Page 12416
The defendant filed a motion for summary judgment, and attached to the motion a copy of the certified transcript of the April 8, 1999 deposition of Donald Mondani, Vice President of the plaintiff, and a copy of the purchase and sales agreement between the defendant and Murphy Road LLC. The defendant also filed a memorandum of law in support of its motion for summary judgment.
In its memorandum of law the defendant argues that the plaintiff and the defendant never entered into a written listing agreement, as is required by General Statutes § 20-325a (b). In support of this argument, the defendant cites to several portions of the transcript of the Mondani deposition.[1] An exhibit from the deposition, which is attached to the transcript, illustrates that on October 30, 1998, the plaintiff sent a fax containing a listing proposing a commission rate of 4.5 percent and a sales price of $2,200,000. According to the deposition testimony, on November 2, 1998, the defendant responded by sending a fax containing a copy of the listing. The copy contained handwritten, initialed modifications of the price ($2,550,000) and a redlined proposed commission rate (2.5%). The defendant asserts that Mondani, on behalf of the plaintiff, never initialed the changes on the copy of the listing that the defendant faxed to the plaintiff, even though the plaintiff concedes that it is customary to initial changes to indicate acquiescence with such contract modifications. The defendant also asserts that on November 16, 1998, the defendant faxed a withdrawal of the offer to enter into a listing with the plaintiff, and that the plaintiff received this withdrawal. The defendant further notes that the purchase and sales agreement between the defendant and the buyer was not signed by the parties until November 27,
Attached to the plaintiffs opposition memorandum is a signed affidavit by Mondani dated May 21, 1999. In the affidavit, Mondani does not dispute the defendant's contention that he did not agree to the reduced commission in writing. Mondani does, however, aver that he did agree to the reduction of his commission as proposed by the defendant, and that he communicated his acceptance of the 2.5 percent rate to defendant's agent, Owens by telephone.
Pursuant to the court's request at oral argument, each party filed a supplemental memorandum of law to address the effect of General Statutes § 20-325a (c) on this action. CT Page 12417
 II. DISCUSSION
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Thompson Peck. Inc. v Division Drywall, Inc., 241 Conn. 370,374, 696 A.2d 326 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. FederalIns. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998).
The defendant argues that the plaintiff is not entitled to recover a commission because there is no evidence of a contract that meets the requirements of General Statutes § 20-325a (b). First, the defendant argues that evidence does not demonstrate that the plaintiff has complied with subdivisions (1), (4) and (5) of General Statutes § 20-325a (b),[2] which sets forth several requirements for bringing an action to recover a real estate brokerage commission. Subdivision (1) provides that any action to recover a commission must be pursuant to an contract "in writing"; (4) requires that the terms of the contract must be included in the writing, and (5) requires that the contract must be signed by the real estate broker. Second, the defendant claims that the plaintiff has not established that the services rendered by the plaintiff were rendered "pursuant to a contract" as is required by the first portion of General Statutes § 20-325a (b).
In response to the defendant's argument, the plaintiff cites General Statutes § 20-325a (c),[3] and claims that a broker may recover a commission even if he does not strictly comply with every requirement of § 20-325a (b) "if such person has substantially complied with subdivisions (2) to (6), inclusive" of § 20-325a (b). The plaintiff contends that at a minimum, there are genuine issues of material fact regarding whether the plaintiff has substantially complied with the requirements of §20-325a (b)(2)(6), and accordingly, summary judgment is unwarranted.
 A.
Prior to 1994, a real estate broker could only maintain an action to recover a commission pursuant to General Statutes §20-325a if the broker strictly complied with each requirement of CT Page 12418 § 20-325a (b).[4] See McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 520, 590 A.2d 438 (1991) (listing cases where listing agreements were held unenforceable for reasons such as: failure to include sale price of property; lack of addresses of parties; lack of broker's address; omission of rate of broker's commission; omission of owner's address, although owner resided at subject property). In 1994, the General Assembly enacted Public Act 94-240, which, with respect to § 20-325a
(b)(2)-(6),[5] relaxed the standard from strict compliance to substantial compliance.
Neither § 20-325a (c) nor the legislative history of P.A. 94-240 elaborate on the meaning of substantial compliance. Moreover, there are no appellate level cases and only a handful of Superior Court cases discussing § 20-325a (c). While none of the Superior Court cases analyze the substantial compliance standard at length, a brief discussion of these decisions is helpful in light of the absence of controlling appellate case law.
The first Superior Court decision to apply § 20-325a (c) isColdwell Banker v. Ward, Superior Court, judicial district of Waterbury, Docket No. 122435 (October 17, 1995, McDonald, J) (15 Conn. L. Rptr. 273). In Coldwell Banker, the plaintiff real estate broker sought to recover a real estate commission allegedly due from the sale of property owned by the defendants under an allegedly valid listing agreement. The defendant filed a motion to strike the complaint, arguing, inter alia, that the plaintiffs listing agreement did not meet several requirements of § 20-325a (b), including subdivisions (2) and (3). In particular, the defendants asserted that the address of the broker was improperly described, dates on which the agreement was signed were missing, the date when the listing agent executed the agreement was omitted, and two change authorizations did not include proper dates. After concluding that General Statutes §20-325a (c), as enacted by P.A. 94-240, was applicable; see id., 274-75; the court briefly concluded that "[s]ince a trier may find the [plaintiff has] substantially complied with the requirements of General Statutes § 20-325a, the motion to strike is denied as to [this] ground." Id., 275.
In Lyman v. R. Realty Co., Superior Court, judicial district of New London at New London, Docket No. 537977 (October 29, 1997,Handy, J.), the defendant property sellers, filed a motion for summary judgment in an action by the plaintiff real estate CT Page 12419 brokers for commissions allegedly owed. The defendants claimed that the listing agreement at issue did not satisfy § 20-325a
(b)(2), because the plaintiffs used a fictitious name — i.e., "Lyman Commercial," the d/b/a name of the plaintiff Ronald E. Lyman d/b/a Lyman Commercial — rather than the name of the licensed real estate broker, Ronald Lyman. The plaintiffs countered by arguing that the agreement nonetheless satisfied §20-325a (b) because strict compliance with that subsection's requirements was no longer required in view of the passage of P.A. 94-240, now § 20-325a (c). The court agreed with the plaintiffs that § 20-325a (c) was applicable and that there was a genuine issue of material fact regarding substantial compliance. In so concluding, the court briefly noted the existence of the factual issues of "whether or not the listing agent, Lyman Commercial, substantially complied with criterion (b)(2)" and "as to the interpretation of the listing agreement in its entirety, whether there has been substantial compliance and/or whether it would be inequitable to deny recovery of a commission under these conditions." Id.
In Dow v. New Haven Savings Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 384493 (July 6, 1998, Hartmere, J.) (22 Conn. L. Rptr. 297, 300), the court granted summary judgment in an action by the plaintiffs to collect a commission claimed to be due for the sale of property owned by the defendant. The defendant claimed that the plaintiffs failed to produce evidence establishing that there was a listing agreement in writing, as is required by § 20-325a (b)(1). In the course of its analysis, the court determined that § 20-325a (c), and the substantial compliance standard, was inapplicable because the sale occurred prior to the enactment of PA. 94-240. See id. The court also observed, however, that § 20-325a (c) would be irrelevant even if it was applicable. See id. The defendant's motion was based on the failure to meet § 20-325a (b)(1), and the substantial compliance standard set forth in § 20-325a (c) only applies to § 20-325a (b)(2)-(6). Accordingly, the court applied the strict compliance standard in assessing whether the plaintiffs had met the "in writing" requirement of § 20-325a (b) (1). See id.
The final Superior Court decision addressing § 20-325a (c) isAssheton, Inc. v. Contemporary Habitat, Inc., Superior Court, judicial district of Danbury, Docket No. 329022 (August 26, 1998,Nadeau, J.). The court in Assheton granted the plaintiffs application for a prejudgment remedy in connection with the CT Page 12420 plaintiffs action under § 20-325. The court disagreed with the defendant that the plaintiff had not satisfied § 20-325 (b)(2) because the pertinent listing agreement did not list the property owner's address. See id. The court reasoned: "Both elements listed under § 20-325a (c) have been satisfied. The failure to supply one address does not preclude a finding of substantial compliance. Further, in light of the fact that comparable agreements were honored in the past, it would not be equitable to preclude a prejudgment remedy here." Id.
None of the four Superior Court decisions addressing §20-325a (c) explicitly defines "substantial compliance." These cases simply illustrate that strict compliance with each requirement of § 20-325a (b)(2)-(6) is, logically, no longer required, and that determining whether there has been substantial compliance requires an examination of the entire agreement, and that this inquiry is basically a factual one.
 B.
Turning to the present case, the defendant acknowledges that General Statutes § 20-325a (c) applies, at least with respect to the requirements in § 20-325a (b)(2)-(6). The defendant, however, maintains that there are no genuine issues of material fact regarding whether the agreement is in writing, is signed by the broker, and contains all of the conditions thereof.
 1.
The first of the defendant's claims is that there is no proof of a listing that is "in writing," as § 20-325a (b)(1) requires. Since (b)(1) is not relaxed by § 20-325a (c), the plaintiff must strictly comply with this requirement.
In support of its claim, the defendant cites several decisions: Currie v. Marano, 13 Conn. App. 527, 537 A.2d 1036
(1988); Del Greco Realty Co. v. Lamoureux, 39 Conn. Sup. 95,469 A.2d 1232 (1983); and Good v. Paine Furniture Co.,35 Conn. Sup. 24, 391 A.2d 741 (1978). These cases are inapposite because they were decided under the version of §20-325a (b) in effect prior to the enactment of P.A. 94-240, and are distinguishable from the present action. In Currie, the Appellate Court agreed with the trial court's conclusion that the plaintiff had not satisfied § 20-325a (1). SeeCurrie v. Marano, supra, 13 Conn. App. 530. The CT Page 12421 services rendered for which the plaintiff sought payment were rendered during an alleged "oral extension" of a written listing agreement, but after the expiration of the written agreement; accordingly, the plaintiff could not recover for services rendered after the expiration of the written agreement as any subsequent services were not rendered pursuant to an active and valid written listing agreement. See id. In the present case, the plaintiff has alleged and has produced evidence in the form of the Mondani affidavit that it is attempting to recover for services rendered during the term indicated on the listing in question — i.e., through November 6, 1998. Whether the plaintiff actually rendered such services during the term of the listing is an issue of fact within the province of the trier.
In Del Greco Realty the trial court granted the defendant's motion to strike in an action to collect a commission. The court concluded that the plaintiff had not satisfied § 20-325a (b) where the only writing evidencing the alleged listing contract was the sales agreement between the buyer and seller which mentioned the plaintiff as the exclusive real estate broker. SeeDel Greco Realty Co. v. Lamoureux, supra, 39 Conn. Sup. 96. The sales agreement did not strictly comply with the requirements of § 20-325a (b)-it stated the plaintiff broker's name, but did not include his address, the terms and conditions of the listing agreement, his signature, or other required terms of subsection (b). See id. 98. In contrast, the plaintiff in the present case has submitted a writing which includes both parties' names, addresses and signatures, all required dates, and the terms and conditions of the listing.
In Good v. Paine Furniture, Inc., the court granted the defendant's motion to dissolve a real estate attachment in connection with the plaintiffs action to recover a commission allegedly due. See Good v. Paine Furniture, Inc., supra,35 Conn. Sup. 28. Rejecting the plaintiffs assertions that multiple documents constituted a valid written listing, the court concluded that § 20-325a (b) had not been met. See id., 27. While the plaintiff had submitted a letter signed by the agent of the defendant seller in an attempt to meet that requirement of subsection (b), the court found that the letter did not relate to the parties' brokerage agreement. See id., 27. Because no document relating to the brokerage agreement contained the defendant's signature, the plaintiff had not strictly complied with § 20-325a (b)(5). See id. In the present case, however, the listing contains the signature of the defendant's CT Page 12422 agent, but the handwritten change in the commission percentage by the defendant's agent was not initialed by the plaintiffs agent. Moreover, the requirement of the broker's signature is now subject to the more lenient substantial compliance standard, see § 20-325a(b)(5); this was not so in Good v. Paine Furniture Co., in which the strict compliance standard still applied.
In sum, I conclude that there are genuine issues of material fact regarding whether the plaintiff has satisfied the requirement of General Statutes § 20-325a (b)(1) that there be a contract in writing.
 2.
The defendant also argues that the plaintiff has not substantially complied with § 20-325a (b)(4), which requires that the written listing contain all of the conditions of the contract. The defendant claims that there is no clear and definite agreed-upon rate of commission expressed in the documents submitted by the plaintiff The defendant cites JayRealty, Inc. v. Ahearn Development Corp. , 189 Conn. 52,453 A.2d 771 (1983) and Rosenberg-Doern Co. v. Weiner in support of this contention. In Jay Realty, the Supreme Court agreed with the trial court's conclusion that the documents submitted by the plaintiff did not state a commission rate. See Jay Realty, Inc.v. Ahearn Development Corp. , supra, 53-56. The documents submitted contained different commission rates, and there was no evidence that these documents were sufficiently related to each other. See id., 55-56. In Rostenberg-Doern, the Appellate Court concluded that § 20-325a (b)(4) had not been met because the sole document containing a rate of commission did not relate to an earlier document, which was the only document signed by the parties. See Rostenberg-Doern Co. v. Weiner, supra, 306.
These cases are distinguishable from the present case in several important respects. First, both cases were decided prior to the enactment of P.A. 94-240. Accordingly, the plaintiffs therein had to establish strict compliance with § 20-325a (b)(4). There is no basis to conclude that the decisions would have been the same if the law at the time only required substantial
compliance with (b)(4). Furthermore, the present case is factually distinct from both Rostenberg-Doern and Jay Realty. In the present case, the plaintiff is relying on the modified listing in support of its claim. Because the original commission rate on this copy is crossed out, the listing contains a single, CT Page 12423 clearly-expressed commission rate of 2.5 percent. It is this document upon which the plaintiff bases its assertion that the parties entered into a valid contract; the initial copy of the listing, containing the commission rate of 4.5 percent, was only an offer, and is irrelevant. Unlike in Jay Realty andRostenberg-Doern, therefore, the plaintiff has produced evidence of a written listing signed by the seller which contains a clear expression of the commission rate and other conditions.
The only question regarding § 20-325a (b)(2)-(6) seems to be whether the agreement containing the modified commission rate and sales price satisfies § 20-325a (b)(5), which requires that the listing be signed by the broker or an agent for the broker. While Mondani has conceded that he, as the plaintiffs agent, never initialed the changes, he has submitted an affidavit asserting that he agreed to the 2.5 percent of the sales price as the rate of commission and communicated his assent to the defendant via telephone. Moreover, there is evidence that the listing satisfies all of the other requirements of § 20-325a (b). The listing is in writing, contains both of the parties' names and addresses, shows the date on which the contract was entered into, contains the conditions of the contract, and the mandatory statement set forth in § 20-325a (b)(6), and is signed by the person for whom services were allegedly rendered. It is true that there is no evidence of strict compliance with (b)(5). Because, however, the plaintiff has demonstrated compliance with the other provisions of § 20-325a (b), along with evidence that the he at least orally consented to the terms expressed in the listing, I find that the plaintiff, at a minimum, has established the existence of genuine factual questions regarding substantial compliance with § 20-325a
(b)(2)-(6).
3.
The defendant finally argues that notwithstanding whether the plaintiff has met the requirements of § 20-325a (b)(1)-(7), it is entitled to summary judgment. The defendant claims that there is no evidence that the acts upon which the plaintiff bases its claim were rendered pursuant to a valid listing. "To recover a commission, a broker must ordinarily show (1) that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or (2) that he has brought the buyer and seller to an enforceable agreement." Howland v. Schweir,7 Conn. App. 709, 713, 510 A.2d 215 (1986). The defendant asserts that because the listing expired on November 6, 1998 and the CT Page 12424 purchase and sales agreement was not signed until November 27, 1998, there is no evidence that the plaintiff produced a buyer ready, willing and able to buy on the seller's terms during the term of the listing. See New England Investment Properties, Inc.v. Spire Realty Development Corp. , 31 Conn. App. 682, 684-86,626 A.2d 1316 (1993); Ditchkus Real Estate Co. v. Storm,25 Conn. App. 51, 54-56, 592 A.2d 959 (1991).
The plaintiffs agent, Mondani, stated in his affidavit that he worked to bring about a deal between the defendant and Murphy Road, LLC, which eventually purchased the property. The defendant has not clearly demonstrated that the plaintiff failed to render services during the term of the listing which ultimately brought about the deal between the defendant and its buyer. There is no requirement, as the defendant asserts, that the sales agreement be finalized before the expiration of the listing. I conclude, therefore, that there is a genuine issue of material fact regarding whether the plaintiff, during the term of the listing, rendered services entitling it to a commission. Cf. New EnglandInvestment Properties, Inc. v. Spire Realm Development Corp. , supra, 31 Conn. App. 682 (noting that the broker did not sign the listing until after pertinent real estate transaction had occurred); Ditchkus Real Estate v. Storm, supra, 25 Conn. App. 55
(noting that listing expired two years and seven months prior to sale of property).
 CONCLUSION
In conclusion, there are genuine issues of material fact regarding whether the plaintiff has substantially complied with the mandates of General Statutes § 20-325a (b)(2)-(6). There are also genuine issues of material fact concerning whether the plaintiff rendered services entitling it to the payment of a commission during the term of the listing.
As the defendant has not demonstrated the nonexistence of a genuine issue of material fact, its motion for summary judgment must be, and is, denied.
Teller, J.