[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in her complaint that she was employed by Eyelets for Industry where she operated staking machines. On August 6, 1988 while removing a box of rejected parts from staking machine number 97, her hand was drawn into the machine and severely injured. Her hand was pulled into the machine after being caught in an unguarded drive chain.
The plaintiff further alleges that staking machine #97 was sold to plaintiff's employer by the defendant, after it had manufactured the machine for such sale. Thus, the plaintiff's action is brought pursuant to Connecticut's Product's Liability Act, General Statutes 52-572m et seq., and essentially alleges two separate and distinct violations of the act: (1) that the CT Page 7975 machine was dangerous, both in operation and design, because of the unguarded drive chain; and (2) that the machine was defectively designed in that an operator, in an emergency, could not hit the "stop" button because it was not differentiated in appearance or form from the "on" button. Plaintiff alleges that she had attempted to hit the "stop" button but was unable to locate it in time to prevent injury to her hand.
After the pleadings were closed, the defendant filed a motion for summary judgment based on two grounds: (1) that the staking machine had been modified by plaintiff's employer in a manner which caused her injury, thus barring her claim against it; and (2) that in any event defendant does not fit the statutory definition of a "product seller" and thus plaintiff has no recourse pursuant to the Act. The plaintiff objects to both of these claims and the parties have filed extensive briefs, affidavits and other supporting exhibits and documents.
"A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers . . . for harm caused by a product." General Statutes 52-572n(a) (emphasis added). Thus, the Act applies only to product sellers. See also Regal Steel, Inc. v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 139
(Super.Ct. 1980). This issue is dispositive, for if defendant is not a "product seller" then the act would not apply and summary judgment would be appropriate. If, however, defendant is considered a "product seller" under the Act, then the Act would apply and summary judgment would be inappropriate.[1]
General Statutes 52-572m(a) defines a product seller as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or use or consumption." Subsection (e) defines manufacturer as "product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer."
No Connecticut case has been cited by the parties, nor found by the court, which would shed light on the question of whether defendant is a product seller within the meaning of 52-572n(a), or, more particularly, whether defendant can be said to have been "engaged in the business of selling" the staking machines. As Connecticut courts have continued to look to 402A of the Restatement (Second) of Torts for guidance even after the adoption of our product liability act, see e.g. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402-403 (1987); Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 645 (1986); Worrell v. Sacks,41 Conn. Sup. 179, 180 (Freedman, J. 1989); consideration of other courts' decisions under 402A on this issue is appropriate.[2]
CT Page 7976
Section 402A(1) provides that "[o]ne who sells any produce in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (2) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." The similarity between this section and our product liability act is obvious, and the necessary elements for a cause of action under both are the same. Zichichi, supra, 403.
Comment f of the Restatement explains what is meant by the phrase "engaged in the business of selling":
 . . . The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor, and to the operator of a restaurant. It is not necessary that the seller be engaged solely in the business of selling such products. Thus the rule applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in packages to be taken home.
 The rule does not, however, apply to the occasional seller of food or other such products who is not engaged in that activity as a part of his business. Thus it does not apply to the housewife who, on one occasion, sells to her neighbor a jar of jam or a pound of sugar. Nor does it apply to the owner of an automobile who, on one occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it. The basis for the rule is the ancient one of the special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products which may endanger the safety of their persons and property, and the forced reliance upon that undertaking on the part of those who purchase such goods. This basis is lacking in the case of the ordinary individual who makes the isolated sale, and he is not CT Page 7977 liable to a third person, or even to his buyer, in the absence of his negligence.
The comment is not illuminating when shown on the facts of this case. The comment would appear to hold all manufacturers strictly liable, yet the rule requires that one be in the business of selling. In the instant case we are presented with a manufacturer who, it claims, is not in the business of selling. It claims the sale of the product was simply incident to the sale of a whole business. This version of the facts would appear to bring the case factually close to those in Counts v. MK-Ferguson Co., 680 F. Sup. 1343 (E.D.Mo. 1988).
In Counts, plaintiff was injured when his leg fell through a slot in the floor, intended for grain to fall through, and was mangled by an underground screw auger. Id., 1345. The plaintiff sued, inter alia, the former owner of the grain processing plant claiming that the lack of graters over the slots constituted a defect for which that defendant could be held strictly liable. Id. The court, however, determined that even if the plant could be considered a product, defendant was, at best, an occasional seller under 402A and therefore not liable. Id., 1347. As defendant was not engaged in the business of selling plants, it could not be held strictly liable for harm caused by its "product." Id.
The facts of the case at bar do not coincide exactly with Counts. According to the contract between defendant and plaintiff's employer, defendant was to deliver, for a purchase price of $550,000, the following: two new machines "presently being constructed by Staver for delivery under this agreement," $400,000; two presses with die sets, $100,000; twelve used staking machines, $36,000; testing equipment, $13,999; and the patents for the staking machines, $1.[3] Thus, the sale of the two new machines, constructed for delivering under the contract, accounted for almost 73% of the value of the contract. It is plaintiff's unchallenged assertion that it is one of these two new machines on which she was injured.
Thus, although defendant characterizes the transaction as the sale of a business, it appears to be primarily the sale of the two staking machines which were manufactured expressly for such sale. Although defendant disputes such a result, "[t]he evidence is viewed in the light most favorable to the opponent of the summary judgment." Ditchkus Real Estate Co. v. Storm, 25 Conn. App. 51,53 (1991). Therefore, it will be assumed for the purposes of this motion that the two machines, one of which injured plaintiff, were manufactured expressly for delivery to plaintiff's employer and were only tested, and not used, by defendant. CT Page 7978
The cases which are supportive of defendant's position that it cannot be held strictly liable are factually inapposite to the instant case. See e.g. Bailey v. ITT General Corp., 536 F. Sup. 84,88-89 (N.D.Ohio 1982) (non-manufacturer user of machine not strictly liable under 402A when it sells single used machine which causes injury); Balido v. Improved Machinery, Inc.,105 Cal.Rptr. 890 (1972) (same). No case has been cited to or discovered wherein the designer and manufacturer of a machine, which manufactured a machine strictly for sale according to a contract, was held not strictly liable. In fact, excluding cases where the manufacturer was the plaintiff's employer, no case has been discovered where the manufacturer and designer of a product was able to escape liability on this ground. Comment f to 402A, laid out in full above, notes that the rule "applies to any manufacturer of such a product."
The facts of this case, construed in the plaintiff's favor, do not allow the court to conclude as a matter of law that defendant is not a product seller. According to the contract of sale, defendant manufactured two machines specifically for sale to plaintiff's employer, warranted the machines against defects in material and workmanship, warranted that the machines would operate at a certain speed, and warranted that the machines were fit for their particular purpose. Of course, defendant might prove at trial that it did indeed use these two machines in its own business and that they weren't built just for sale to plaintiff's employer; in that case, defendant may well fall outside the definition of a product seller. But the facts on this motion construed in plaintiff's favor do not fit into the examples set forth in comment f above (housewife selling homemade cookies, and neighbor selling used car) for excluding occasional sellers from liability and therefore defendant's motion for summary judgment is denied.
So ordered,
/s/ Langenbach, J. LANGENBACH