[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of the construction of two high-rise commercial buildings, known as Stamford Towers, in Stamford, Connecticut. The defendant contracted with Edlar, Inc. (Edlar) to develop the property, and Edlar contracted with the plaintiff to construct the project. The plaintiff brought this action to recover costs and damages from the defendant which resulted from its completion of the project.
In its second amended answer, special defenses and counterclaims dated March 27, 1995, the defendant asserts claims against the plaintiff for breach of an implied warranty of merchantability and violation of the Product Liability Act, General Statutes § 52-572m, et seq., respectively counts CT Page 9724 seven and ten of the counterclaim. The defendant bases these claims on allegations that precast panels that were installed in the two buildings had developed cracks and that water has leaked through the cracks into the building.
The plaintiff has moved to strike counts seven and ten of the defendant's counterclaim on the ground that the counts are legally insufficient in that: the defendant has failed to allege that the plaintiff "was a `product seller,' who `sold' any `product' that was defective at the time of the sale;" and "as a matter of law" the Product Liability Act and the doctrine of implied warranty of merchantability and fitness do not apply to the plaintiff.
Pursuant to Practice Book § 152(1), a motion to strike may be used to contest the "legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." In deciding a motion to strike, the court must construe the allegations in the light most favorable to the non-moving party. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The plaintiff moves to strike the seventh and tenth counts of the defendant's counterclaim, which respectively allege that the plaintiff breached an implied warranty of merchantability and fitness and violated the Product Liability Act, on the ground that the defendant "has failed to alleged that: the Stamford Towers buildings constituted a `product'; [the plaintiff] was engaged in the business of `selling' products such as the Stamford Towers buildings; [and] any `sale' of a `product' or `goods' was engaged in by [the plaintiff]." The plaintiff further argues that the counts should be stricken because the Product Liability Act and the doctrine of implied warranty of merchantability and fitness do not apply to the construction of buildings.
The defendant argues that the "products" at issue are the precast panels that were installed into the buildings and that it is clear that the plaintiff is a "product seller" under §52-572m(a) who sold the precast panels for use in the project. The defendant further argues that the plaintiff is also clearly a "merchant" under § 42a-2-104 (a) and therefore, an implied warranty should be imposed upon the plaintiff pursuant to § 421-2-314 (1). CT Page 9725
General Statutes § 52-572n(a) provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." A "product seller" is defined as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. . . ." General Statutes § 52-572m(a). In order to maintain a product liability action, the plaintiff must establish that the defendant was engaged in the business of selling the "product." See Burkertv. Petroleum Plus of Naugatuck. Inc., 216 Conn. 65, 71-73,579 A.2d 26 (1990); Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 403, 528 A.2d 805 (1987).
The cases relied upon by the defendant are not clear as to whether the plaintiff, a construction manager of a project to construct buildings, is a product seller under § 52-572m(a). See Stenson v. The Staver Co., Inc., 7 CSCR 1140 (August 19, 1992, Langenbach, J.) (denying motion for summary judgment on the ground that it could not conclude that the defendant, the manufacturer of two staking machines, was not a product seller);Hines v. JMJ Construction, Co., 8 Conn. L. Rptr. 232 (January 11, 1993, Miano, J.) (holding that the defendant concrete subcontractor, who "designed, constructed, prepared, assembled, installed and/or placed . . . a concrete sidewalk, curb cuts and ramp" was not a product seller under § 52-572m(a)); Eagen v.Harnischfeger Corp., 2 Conn. L. Rptr. 662 (November 5, 1990, Lewis, J.) (holding that the defendants, general contractors who built an addition to an incinerator plant of which the defective overhead crane was part, were not product sellers); Arroyo v. UBEIndustries America, Inc., 9 Conn. L. Rptr. 25 (April 28, 1993, Langenbach, J.) (holding that the defendant, which demonstrated that it installed the press after it was purchased, was not a product seller). See also Dumitrie v. Fernap, Inc.,11 Conn. L. Rptr. 449 (April 25, 1994, Pittman, J.) (holding that the installation of a sidewalk was the performance of a service, not the manufacture or sale of a product, and therefore, it was outside the scope of the Product Liability Act); State v.McGriff, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 349847 (October 19, 1990, O'Neill, J.) (holding that "[a]lthough a building affixed to real property is not a product each of its component parts may be."). CT Page 9726
According to § 42a-2-314 (1) of the Uniform Commercial Code, "[u]nless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . ." Section 42a-2-104 (1) defines a merchant as "person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."
However, it is not necessary for the court to decide these issues now because, even if the court were to conclude that the plaintiff, a construction manager of a construction project, fell within the definition of a "product seller" or "merchant," the defendant has failed to allege sufficient facts to demonstrate that the plaintiff was "engaged in the business of selling" the precast panels or was the seller of the precast panels. In fact, in counts seven and ten of its counterclaim, the defendant has alleged that the plaintiff entered into a contract with Beer Precast Concrete Ltd. (Beer), and that "Beer agreed to `provide all labor, materials, equipment and supervision required to complete all architectural precast concrete' for the Project," and that pursuant to this contract between the plaintiff and Beer, the "precast panels were installed in the two buildings comprising the Project." Accordingly, the motion to strike counts seven and ten of the defendant's counterclaim is granted. SeeBurkert v. Petroleum Plus of Naugatuck, Inc., supra, 216 Conn. 65,71-73; see also Ullmar v. Robco Group, Inc.,6 Conn. L. Rptr. 627
(February 18, 1992, Burns, J.) (granting motion to strike product liability claim because of the failure to allege that the defendant was a product seller).
D'ANDREA, J.